## PULLMAN PALACE CAR COMPANY

*v.*

### GEORGE G. BLUHM.

*Filed at Ottawa January 23, 1884.*

1. APPEAL—*reviewing questions of fact.* In an action by a servant against his master to recover for an injury caused by the use of a defective derrick in raising lumber, the question as to what was the cause of the injury, or the combination of causes producing the result, is one of fact, which by law it is not the duty of this court to consider. So, also, is the question whether the damages are excessive.

2. EVIDENCE—*as to the result of a personal injury, as, the breaking of an arm.* In case, for an injury by the breaking of the plaintiff's arm, there is no error in admitting proof that the bones at the fracture had failed to unite, and had formed what is called a "false joint," as it is not a question of law for the court to determine whether this was the result of the breaking of the arm as a proximate cause, or the result of a new, independent factor. Such question can properly be tested only by hearing the evidence, and submitting the questions of fact to a jury, under appropriate instructions.

3. NEGLIGENCE—*contributory negligence—duty of one receiving personal injury, as to care bestowed after the fact.* A plaintiff can not hold the defendant responsible for an injury to himself caused even in part by his own fault in failing to use ordinary care or ordinary judgment, or for any injury not resulting from the fault of the defendant, but caused by some new intervening cause not incident to the injury caused by the defendant's wrongful act or omission of duty.

4. In a case where the plaintiff's arm has been broken from the negligent conduct of the defendant, and the plaintiff exercises ordinary care to keep the parts together, and uses ordinary care in the selection of surgeons and doctors, and nurses, if needed, and employs those of ordinary skill and care in their profession, and still, by some unskillful or negligent act of such surgeon, doctor or nurses, the bones fail to unite, thereby making a false joint, the defendant, if responsible for the breaking of the arm, will be liable in damages for the unfavorable result of the injury.

5. A party, when injured, is bound by law to use ordinary care to render the injury no greater than necessary. It is his duty to employ such surgeons and nurses as ordinary prudence in his situation may require, and to use ordinary judgment and care in doing so, and to select only such as are of at least ordinary skill and care in their profession. But the law does not make him an insurer in such case.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. ROLLIN S. WILLIAMSON, Judge, presiding.

This is an appeal from the judgment of the Appellate Court affirming a judgment against appellant for the sum of $3500, rendered in the circuit court in favor of appellee.

The action rests upon allegations by appellee, in his declaration, that being a laborer for appellant, using a defective derrick of appellant in elevating lumber to the upper part of a building of appellant, he was hurt by the falling of the lumber upon him, "maiming, bruising and battering him, and breaking and bruising his arm, and so disabling him that he has been unable to do manual labor from thence hitherto, and remains still in the same condition," and that the falling of the lumber was caused "by reason of the unskillful and defective workmanship of defendant" in constructing and erecting the derrick, and "without any fault" upon the part

of plaintiff; and in another count, that the injury was the result of "poor material" used in constructing the derrick, and of unskillful construction, and that he used reasonable care, and that the falling lumber broke his arm and shoulder, and otherwise maimed and injured him, and he remained so; and in the third and fourth counts, that the injury done to him was great and *permanent*. There is no allegation that the injury was caused by the unskillful or negligent mode of using the derrick. The sole complaint against appellant is, that the derrick furnished for use was imperfect and unsafe.

The proofs tend to show that certain employees of the appellant constructed a derrick to be used in raising lumber and materials in the finishing of a house, to the top or upper parts of the house, and that while appellee and others were using the derrick it broke, and the lumber, being raised at the time, by reason of the breaking of the derrick, fell upon the appellee, bruising him and breaking his arm between the shoulder and the elbow; that appellee had surgical and medical attention, but the broken bone failed to unite, and formed what is called, sometimes, a "false joint." There was evidence tending to show that this failure of the bones to unite is a result which may be permanent, and that this difficulty resulted from want of care in appellee, or from bad surgery, or bad nursing, etc. There was also evidence tending to show that the injury may not be permanent, and that appellee used ordinary care, and employed surgeons, doctors and nurses of ordinary professional skill and care, and that the unfortunate result of the bones not uniting was caused by merely an error in judgment or exceptional negligence in those employed to treat him.

Messrs. ISHAM, LINCOLN, BURRY & RYERSON, for the appellant:

The defendant was not responsible for the false joint, or consequences not the natural and probable result of the origi-

nal cause of the injury.   *Schmidt* v. *Mitchell,* 84 Ill. 195;
*Fent* v. *Toledo, Peoria and Warsaw Ry. Co.* 59 id. 349; 3 Parsons on Contracts, 179; *Toledo, Wabash and Western Ry. Co.*
v. *Muthersbaugh,* 71 Ill. 572; *Tweed* v. *Insurance Co.* 7 Wall.
44; *Phillips* v. *Dickerson,* 85 Ill. 11.

Defendant is not liable for any permanent injury caused
by the malpractice of the plaintiff's surgeon.   *Schmidt* v.
*Mitchell,* 84 Ill. 195.   See, also, *Chicago, Burlington and
Quincy R. R. Co.* v. *Drew,* 52 Ill. 451; *Chicago and Rock
Island R. R. Co.* v. *McKean,* 40 Ill. 241.

Special damages, not necessarily following an injury, must
be set out and claimed in the pleadings.   *Olmstead* v. *Burke,*
25 Ill. 88; *Furlong* v. *Polleys,* 30 Maine, 491; *Quincy* v. *Hood,*
77 Ill. 68; *Horne* v. *Sullivan,* 83 id. 30; *Adams* v. *Gardner,*
78 id. 568; *Miles* v. *Weston,* 60 id. 361; *Baldwin* v. *Western R. R. Co.* 4 Gray, 333; *Squier* v. *Gould,* 14 Wend. 159;
1 Chitty's Pleading, 396.

Mr. John Lyle King, for the appellee:

The verdict of the jury settles the fact that the plaintiff's
injury was the result of the accident resulting from defendant's negligence, and is not attributable to the negligence of
the plaintiff, either at the time of the accident, or since, in
the selection of surgeons to treat him.   *Stover* v. *Bluehill,* 51
Maine, 439.

The direct or proximate consequences of a wrongful act
are those occurring without any intervening, independent
cause.   *Rice* v. *City of Des Moines,* 40 Iowa, 638; *Tweed* v.
*Insurance Co.* 7 Wall. 44; *Scott* v. *Shephard,* 2 Wm. Black,
892; *Sauter* v. *New York Central and Hudson River R. R. Co.*
66 N. Y. 50.

For care of himself and care in employing a physician subsequently to a personal injury received from a wrongdoer, the
party injured is bound only to the exercise of reasonable and
ordinary care.   *City of La Salle* v. *Thorndike,* 7 Bradw. 282.

Mr. Justice Dickey delivered the opinion of the Court:

We can not inquire into or consider the proposition of counsel for appellant, that, as he says, "the only causes of the injury were the carelessness of appellee and that of his fellow-servants." What was the cause of the injury, or the combination of causes producing the result, is a question of fact, which, by law, it is not the duty of this court to consider. So, also, is the question as to whether the damages are, or are not, excessive.

It is insisted that the court erred in permitting plaintiff to prove, in enhancement of his damages, that his arm, which was broken between the shoulder and elbow, was not cured, and that the parts of the bone, instead of uniting in one, had failed to unite, and formed what is called a "false joint." Appellant insists that this last was the result of bad surgery, and, to be proven, should have been set out as special damages, not being, as he suggests, such damages as ordinarily arise from a broken arm. We think the declaration is sufficiently specific to admit the proof. Whether this particular ailment (the false joint) was, or was not, the result of the breaking of the arm as a proximate cause, or the result of a new, independent factor, for which appellant was not responsible, could not be determined by the court as a question of law. It could be properly tested only by hearing the evidence and submitting the questions of fact to a jury, under appropriate instructions.

There is evidence tending to show that had this broken arm received ordinary care and ordinary professional skill, the parts would have united with little or no permanent injury, and on this hypothesis alone appellant insists that the matter of this false joint should have been, at least hypothetically, excluded from the jury. We understand the law on this subject to be, that plaintiff can not hold defendant answerable for any injury caused, even in part, by the

fault of plaintiff in failing to use ordinary care or ordinary judgment, or for any injury not resulting from the fault of defendant, but caused by some new intervening cause not incident to the injury caused by defendant's wrong. Thus, in this case, if it be conceded that the false joint, under proper care and skill, would not have resulted from the breaking of the arm alone, but was brought about by the subsequent separation of the parts after they had been properly set, and before nature had formed a firm union, then, if this subsequent separation of the parts had been caused by an assault and battery by a stranger, or some foreign cause with which appellant had no connection, and which was not in its nature incident to a broken arm, plainly appellant ought not to be held to answer for the false joint; but if appellee exercised ordinary care to keep the parts together, and used ordinary care in the selection of surgeons and doctors, and nurses, if needed, and employed those of ordinary skill and care in their profession, and still by some unskillful or negligent act of such nurses, or doctors or surgeons, the parts became separated, and the false joint was the result, appellant, if responsible for the breaking of the arm, ought to answer for the injury in the false joint. The appellee, when injured, was bound by law to use ordinary care to render the injury no greater than necessary. It was therefore his duty to employ such surgeons and nurses as ordinary prudence in his situation required, and to use ordinary judgment and care in doing so, and to select only such as were of at least ordinary skill and care in their profession. But the law does not make him an insurer in such case that such surgeons or doctors, or nurses, will be guilty of no negligence, error in judgment, or want of care. The liability to mistakes in curing is *incident* to a broken arm, and where such mistakes occur, (the injured party using ordinary care,) the injury resulting from such mistakes is properly regarded

as part of the immediate and direct damages resulting from the breaking of the arm.

Without discussing each ruling of the court in the matter of instructions, it is sufficient to say that such rulings were at least as favorable to the appellant as the law would permit, and in some respects more so.

Finding no error in law in the record of the proceedings in the circuit court, the judgment of the Appellate Court is hereby affirmed.

*Judgment affirmed.*