## Albert C. Jones v. Antje Barmm, administratrix.

### Gen. No. 11,615.

1. RIGHT OF ACTION—*when malicious interference confers.* Ma-
licious interference with the business of another for. the purpose
and with the intent of injuring or destroying such business, is a
wrong which, if injury results, confers a right of action.

2. RIGHT OF ACTION—*when does not survive.* A right of action
for malicious interference with the business of another does not
survive the death of the defendant.

SMITH, J., dissenting.

Action on the case. Error to the Circuit Court of Cook County;
the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in the Branch
Appellate Court at the March term, 1904. Affirmed. Opinion filed
April 5, 1905.

**Statement by the Court.** In the lifetime of Frank H.
Barmm, the plaintiff in error brought against him in the
Circuit Court an action on the case. The first count of his
declaration charged the defendant with slander, the second
with maliciously interfering with the business of the plain-
tiff. Barmm died after service of the summons and before
the return day. The death of the defendant was then sug-
gested and the court, on plaintiff's motion, ordered that the
suit be abated as to the first count of the declaration; that
the defendant in error here be substituted as defendant and
that a summons issue, etc. The defendant filed her plea
in abatement, wherein she averred that Frank H. Barmm had
died and that the cause of action in the declaration men-
tioned did not survive, etc. The demurrer of the plaintiff
to this plea was overruled and the plaintiff electing to stand
by his demurrer, the court ordered that the suit be abated
and that the defendant recover of the plaintiff her costs, to
reverse which judgment this writ of error is prosecuted.

Thomas J. O'Hare, for plaintiff in error.

E. A. Aborn, for defendant in error.

Mr. Presiding Justice Baker delivered the opinion of the court.

At common law the remedy by action for a *tort* or wrong committed was confined to the joint lives of the injurer and the injured. If either party died the action was at an end. The contention of plaintiff in error is, that this action survived under and by virtue of Section 123, Chapter 3, R. S., which provides that, "In addition to the actions which survive by the common law, the following shall also survive: Actions of replevin, actions to recover damages for an injury to the person (except slander and libel), actions to recover damages for an injury to real or personal property, or for the detention or conversion of personal property, and actions against officers for misfeasance, malfeasance or nonfeasance, of themselves or their deputies, and all actions for fraud or deceit."

Plaintiff had the right to carry on any lawful business in which he saw fit to engage, and a malicious interference with such business by Barmm for the purpose and with the intent to interrupt, injure, or destroy that business was a wrong for which, if damage was thereby occasioned, an action will lie. Doremus v. Hennessy, 176 Ill., 608. The argument is, that the right of the plaintiff to carry on his business without interference or interruption, is personal property, and an action for damages for the malicious interference with such business is "an action to recover damages to personal property," within the meaning of those words as used in the statute.

"In the construction of a statute where the words used are clear and unambiguous, they must be taken in their ordinary, natural and commonly received sense." I. C. R. R. Co. v. Chicago, 173 Ill. 471-482. In the Century Dictionary, personal property is defined as "Movables; chattels; things subject to the law which applies to the per-

son, as money, jewels, furniture, etc., as distinguished from *real estate;"* in Bouvier's Law Dictionary as: "The right or interest which a man has in things personal. The right or interest less than a freehold which a man has in realty, or any right or interest which he has in things movable. Personal property is to be distinguished from things personal."

In ordinary language there is a distinction between the words "right or privilege" and "property." "An action may be had for injuries done which cause another loss in the enjoyment of any right, privilege or property." Doremus v. Hennessy, *supra,* 614.

The statute, section 16, Chapter 70 R. S., gives a justice of the peace jurisdiction "in actions for damages for injuring personal property." No difference is perceived between an action "to recover damages for an injury to personal property" and "an action for damages for injuring personal property."

In Western Union Tel. Co. v. DuBois, 128 Ill. 248, a telegram, as delivered to the appellant, contained an offer to sell to appellee a car-load of apples at $1.75 per barrel. As received by him it contained an offer to sell him the apples at $1.55 per barrel. The offer was accepted and it was held that under the circumstances of the case appellee had the right to pay the extra twenty cents per barrel and look to appellant for reimbursement. But it was held that justices of the peace have no jurisdiction in actions on the case for such an injury as was there involved, and upon that ground the judgment was reversed. In Horne v. Mandelbaum, 13 Ill. App. 608, the action was for damages to the plaintiff occasioned by a personal injury inflicted upon the infant daughter and servant of the plaintiff, by a wilful act of force on the part of the defendant, and the plaintiff had judgment. It was held that while trespass would lie upon the facts of the case for the loss of service and trouble and expense occasioned by the injury to the child of plaintiff, a justice of the peace had no jurisdiction in such a case, and upon that ground the judgment was reversed.

The right of the plaintiff in the telegraph company case to have the telegram delivered to him as it was delivered by the sender to the telegraph company was invaded. The right of the father to the services of the child was invaded in the case last cited. The right of the plaintiff in this case to carry on his business free from the malicious interruption of the defendant was invaded. We are not able to perceive any ground upon which it can be held that the action against the telegraph company and the action of the father for the injury to his child, can be held not to be "actions for damages for injuring personal property" within the meaning of the statute relating to justices, and this action held to be an "action to recover damages for an injury to personal property" within the meaning of the statute relating to the survival of actions. It is also to be noticed that the statute in terms provides that all actions for fraud and deceit shall survive.

In our opinion the words "actions to recover damages for an injury to personal property" in the statute in question mean and include only actions for damages to tangible articles and things movable, to chattels, as distinguished from actions for damages to real estate, and do not mean nor include an action to recover damages occasioned by the malicious interference by one person with the business of another.

The demurrer to the plea in abatement was properly overruled and the judgment of the Circuit Court will be affirmed.

*Affirmed.*

MR. JUSTICE SMITH dissenting.