Hey v. Wilson.

*Reversed and remanded.*

---

### Roy Hey et al. v. John E. Wilson et al.

This case is controlled by the decisions of the following cases: Franklin Union No. 4 v. People, 220 Ill. 355; O'Brien v. People, 216 Ill. 354; Christensen v. Kellogg S. & S. Co., 110 Ill. App. 61; Piano & Organ Workers' Int. Union v. Piano & Organ Supply Co., 124 Ill. App. 353.

Bill in chancery. Appeal from the Circuit Court of Randolph county; the Hon. CHARLES T. MOORE, Judge, presiding. Heard in this court at the February term, 1906. Affirmed. Opinion filed September 14, 1906.

O. A. HARKER, LIGHTFOOT & HARKER and A. E. CRISLER, for appellant.

H. CLAY HORNER, for appellees.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a bill in chancery in the Circuit Court of Randolph county, filed by appellees against appellants, praying for an injunction to restrain appellants from unlawfully interfering with the business of appellees. The case was tried on appellees' bill and supplemental bill, and appellants' answer thereto, and evidence *pro* and *con* produced in open court. The

trial resulted in a decree in favor of appellees, per-
petually enjoining appellants, as prayed.

The bill as abstracted by counsel for appellants is
as follows: "The bill alleges that appellees are part-
ners, carrying on a livery business at Sparta, in Ran-
dolph county, and own and rent out for public enter-
tainment a building known as the Auditorium; that
there exist in Sparta certain labor unions; one, the
Team Drivers International Union, No. 109; another,
the Brotherhood of Carpenters and Joiners of Amer-
ica, No. 479; another, the Brotherhood of Painters,
Decorators and Paper Hangers of America, No. 74;
another, the United Mine Workers of America, No. 657;
and another, the Sparta Local Union of the American
Federation of Labor, and also what is known as the
Central Trades and Labor Assembly, a body composed
of delegates from each of the unions named; that in
the year 1901 the said organizations conspired to in-
jure and destroy appellees' business by driving away
their customers and establishing a boycott against
them; that the officers of the organization had forcibly
driven appellees' workmen from their work and, by
threat of boycott, had induced appellees' customers to
withdraw patronage from them; that they had notified
the School Board of Sparta and the Kansas City Ly-
ceum Bureau to desist using the Auditorium for enter-
tainments, and thereby prevented its use, and they
had established a boycott against appellees' business
by threatening their customers with the hostility of the
organization and their members, should they continue
to patronize appellees; that they had intimidated and
caused to cease from working certain employes of ap-
pellees and, by serving a written notice upon such per-
sons that appellees were on the 'unfair list,' had caused
such employes to refuse, through fear of injury
to themselves, to further work for appellees. The bill
further alleges that said unions and the members had
so harassed appellees and their workmen that their
business in several of their lines had been destroyed,

that no income is derived from them, and that the said unions and their members are still doing all in their power to injure appellees' business by inducing their patrons to cease doing business with them under threat of boycott.

The bill prays for an injunction restraining the appellants, their agents, officers and members from interfering or attempting to interfere with appellees by sending communications, circulars or letters to persons with whom appellees have heretofore had business relations, or persons with whom appellees may hereafter have business relations, for the purpose of inducing, persuading or compelling by threats, intimidations, or in any other manner, from withholding custom from appellees; from publishing, printing, writing or circulating in any manner any matter or thing intended or calculated to deter the public or any individual from trading with appellees; from boycotting appellees, their teams, business, vehicles and workmen, and from menacing or obstructing appellees' business.''

A supplemental bill was filed by appellees, setting up a number of particular instances of interference with their business by appellants, since the filing of the original bill. Appellants answered, denying all the material allegations in both the original bill and in the supplemental bill.

As above stated, the case was tried in the Circuit Court on evidence produced in open court. Ninety witnesses were examined and many exhibits were introduced. Any attempt to discuss the great volume of evidence would unduly extend the length of this opinion and could serve no valuable or proper purpose. The bill fully states a cause of action which under the law, as we understand it to be now clearly established in this state, warrants the full extent of the relief prayed in the bill and granted by the decree, and we find that every material allegation of the bill is duly established by the evidence.

Every feature of the law applicable to this case has

been so fully discussed and so clearly announced by our Supreme Court, and by the Appellate Court of the First District, and in so many very recent cases, that we deem the subject not open for further discussion, upon the state of facts disclosed in the record. The cases referred to are: Franklin Union No. 4 v. The People, 220 Ill. 355; John O'Brien v. The People, 216 Ill. 354; Christensen v. Kellogg Switchboard and Supply Company, 110 Ill. App. 61; Piano and Organ Workers International Union of America et al. v. Piano & Organ Supply Company, 124 Ill. App. 353. In connection with the foregoing we cite: Doremus v. Hennessy, 176 Ill. 608, and Purington v. Hinchliff, 219 Ill. 159.

The decree of the Circuit Court is affirmed.

*Affirmed.*