Mr. Chief Justice Shepard
delivered the opinion of the Court:
The errors assigned on the refusal of the defendant’s three *93 special prayers for instructions present but a single question. the charge of the court instructed the jury in respect of that familiar principle that an injured person is bound to exercise ordinary care to render the injuries no greater than necessary. This 'extends to the procurement of such surgical or medical treatment as "would ordinarily be considered as requisite by persons in similar conditions, and under like circumstances. One is not bound to take every possible precaution, or to employ the very best medical skill. All that the law requires is the exercise of the ordinary judgment and care which persons in the condition of the injured person are ordinarily capable of exercising. This doctrine is declared in cases cited on behalf of appellant, as follows: French v. Vining, 102 Mass. 132, 3 Am. Rep. 440; Louisville, N. A. & C. R. Co. v. Falvey, 104 Ind. 409-424, 3 N. E. 389, 4 N. E. 908; Texas & P. R. Co. v. White, 62 L.R.A. 90, 42 C. C. A. 86, 101 Fed. 928; Pullman Palace Car Co. v. Bluhm, 109 Ill. 20-25, 50 Am. Rep. 601; Collins v. Council Bluffs, 32 Iowa, 324-329, 1 Am. Rep. 200.
The appellant does not deny the general correctness of the charge given, but contends that, in view of the particular facts, it did not go far enough in the application of the law thereto. This was the ground of the exception noted. Counsel say: “We complain of this instruction, because it does not apply the general law to the facts of the case; at least it applies only partially.”
It is argued that while the evidence shows that plaintiff did receive medical and surgical aid, it also shows that she refused to be guided by the advice of her surgeon to undergo an operation. This is true, but the charge left it to the jury in general terms to say whether she had failed to use ordinary care throughout. Assuming that the court should have given an instruction specially directing the attention of the jury to the' fact that plaintiff had refused to undergo an operation advised by her own surgeon, and directing them specially to consider whether she failed to exercise ordinary care and precaution in such refusal, had an instruction limited thereto been prayed, we *94 think the refused instructions were not of that character. They embody the proposition contended for by the appellant, that it was plaintiff’s duty “not only to consult, but be guided by the-advice of her surgeon.” Embodying that proposition, the refused instructions declared, as matter of law, that it was the-duty of plaintiff to follow the advice of her surgeon, and undergo the suggested operation.
The only question of fact left to the jury was whether such-operation, if performed, would in all probability have resulted' in effecting a cure. If they so found, they were told that the-refusal to undergo the operation constituted negligence on her-part, which would prevent her recovery of damages for' suffering an injury extending beyond the time when such operation* might have reasonably been performed and a cure effected, after-she received such advice. "We are of the opinion that the instructions, if given, would have constituted an invasion of the-province of the jury, and that they were therefore properly refused. Whether an injured person has been guilty of negligence contributing to the receipt of the injury is always a question of' fact for the determination of the jury. Eor the same reason, it is a question of fact, whether after an injury the party has* neglected to use reasonable precautions and remedies that would* in all probability have prevented future suffering and incapacity. It is only in those cases where the evidence of contributory negligence is so strong and convincing that all reasonable minds could come to no other conclusion than that itexisted, that the court is justified in directing a verdict on that ground. That is not the case here. Confessedly, the operation advised as a last resort was attended with danger to life. Nor is it at all certain that it would have relieved the plaintiff. It was an unusual operation. The plaintiff’s surgeon, and apparently the profession, had heard of its performance in but two cases. -One of these had failed to remedy the injury; the-result of the other was not known. The two operations that had been performed by defendant’s surgeon were unknown to* the profession at large; in fact they had not been made the subject of a report, because he was not certain that they had ef *95 fected permanent relief, although one had been performed three-years before, and the other eighteen months. It would be unreasonable to say that one who has been injured by the negligence of another is bound in law to undergo a serious surgical operation, which would necessarily be attended with some risk of failure and of death. Certainly one has some liberty of choice under such circumstances. The most that the wrongdoer could demand would be that the jury should be permitted to determine whether the refusal of the injured person to suffer such an operation, under all of the circumstances, was unreasonable, and wanting in ordinary care, and productive of increased damages.
There was no error either in the charge given, or in refusing the special instructions; and the judgment will therefore be-affirmed, with costs. Affirmed.
On application of the appellant a writ of error to the Supreme Court of the United States was allowed.