[Civ. No. 5466. Second Appellate District, Division One.—May 16, 1928.]

GEORGE ELLIOTT, Respondent, v. J. H. SIMS, Defendant and Appellant; AMERICAN GASOLINE CORPORATION, etc., Cross-Defendant and Respondent.

Gerald Willis Myers for Appellant.

James P. Fitzpatrick for Respondent.

WOOD (W. J.), J., *pro tem.*—Plaintiff sued to recover the balance due on a promissory note for the sum of $1,000 executed by defendant J. H. Sims. Plaintiff alleged that $450 had been paid on the note, and asked judgment for $550 and an attorney's fee. Defendant Sims filed an answer and cross-complaint in which he alleged that J. P. Mannen, originally a party defendant, had sold him a number of shares of the capital stock of Richfield Southern Oil

Company; that Mannen was an agent of said company; that the note was to be "placed in escrow by said company until paid." Sims further alleged that the note, quoting from his cross-complaint, "was sold and transferred by the defendant Mannen with the knowledge of the defendant Richfield Southern Oil Co., to the cross-defendant Elliott, who this cross-complainant alleges on information and belief knew and was well acquainted with all of the facts surrounding the case and further that said cross-defendant Elliott was acting in collusion with the cross-defendants Mannen and Richfield Southern Oil Co., for the purpose of defrauding the cross-complainant Sims of the value of face of said note and of dividing the profits between them." He asks that the note be canceled and that he be given judgment against Elliott, Mannen and Richfield Southern Oil Company for the sum of $450, the amount he had paid to plaintiff on the note. He now appeals from the judgment entered against him for the balance due on the note.

At the trial it was established that Elliott was an innocent purchaser for value and this was conceded by counsel for Sims. Mannen was not served with process and the action was dismissed as to him. Mannen was a salesman employed by Sloan & Noll, who were fiscal agents for the sale of the capital stock of the Richfield Southern Oil Company. The sale of the stock to Sims was not reported to the company, but the note was sold to the plaintiff by Mannen. Sims did not receive his stock and was unaware that none had been issued to him until some of his neighbors received dividends upon their stock. He thereupon inquired at the office of the company and learned that his note had not been turned in but had been improperly sold to Elliott by Mannen. In the meantime he had made payments on the note to the amount of $450.

It is now contended that Mannen was the agent of Richfield Southern Oil Company and that the company is responsible for his conduct. This issue is not properly before us. In his pleadings Sims alleged that the plaintiff, Mannen and the Richfield Southern Oil Company acted together in collusion for the purpose of defrauding him. In his prayer he asked the court to cancel the note and reimburse him for the amount paid thereon by a judgment

against these three parties. No evidence whatever was offered to sustain these allegations. The cause of action which was alleged in the trial court cannot be changed in the appellate court. ■ At the trial Sims conceded that plaintiff, the innocent holder of the note, is entitled to recover the balance due thereon.

The judgment is affirmed.

Houser, Acting P. J., and York, J., concurred.