[Civ. No. 12676.   Second Appellate District, Division Two.—January 28, 1941.]

JAMES WILLIAM SULLIVAN, Appellant, v. WARNER BROS. THEATRES, INC. (a Corporation), et al., Respondents.

W. P. Butcher for Appellant.

Freston & Files, Ralph E. Lewis, Schauer, Ryon & Mc-Mahon and Robert W. McIntyre for Respondents.

WOOD, J.—Plaintiff has appealed from a judgment in favor of defendants rendered in an action for libel.

From the pleadings and the findings of the trial court, which are supported by the evidence, it appears that defendant Warner Bros. Theatres, Inc., was the owner of the Granada Theatre in the city of Santa Barbara and defendant Ralston was employed as manager of the theatre. Plaintiff owned a lunch and ice cream establishment located directly across the street from the theatre, which he operated under the fictitious name of Starr's Ice Cream Store. Plaintiff placed a poster in the window of his store, which advertised performances at the Fox Arlington Theatre, a rival of the Granada. When Ralston became acquainted with this fact he approached plaintiff and requested that he remove the poster from his window, stating that the advertisement would cause people in the vicinity to go out of the neighborhood for their amusement, thus injuring plaintiff's business as well as that of the Granada. Upon plaintiff's refusal to remove the poster Ralston caused the following notice directed to "all employees" to be posted in four places in the Granada Theatre: "You are requested not to patronize Starr's Ice Cream Co., across the street from the theatre, from this date until further notice. They have shown themselves disloyal to the house and the neighborhood in no uncertain fashion, and do not merit our patronage. It would be well to discourage your friends from dealing with this merchant also. Kindly cooperate. Howard Ralston, Mgr." The court found that such notices were posted in places accessible to the employees of the theatre only and not to the general public; that Ralston's intention was that such notices should be seen by his employees only and should be understood by them as a request not to patronize plaintiff's place of business because the display by plaintiff of advertising of a rival theatre was, in Ralston's opinion, injurious to the business of the Granada Theatre; that Ral-

ston's purpose in publishing such notice was to dissuade his employees and their friends from trading with plaintiff, thereby forcing plaintiff to remove the competitive advertising from his window. With the consent of plaintiff the allegations charging special damage were stricken from the complaint. The trial court concluded that the notice was not libelous *per se* and was not libelous under the circumstances shown by the evidence.

Plaintiff's principal contention upon this appeal is that the court erred as a matter of law in concluding that the notice was not libelous *per se*. To be libelous *per se* it is necessary that the writing on its face fall within the definition of libel given in section 45 of the Civil Code. (*Rosenberg* v. *J. C. Penney Co.*, 30 Cal. App. (2d) 609 [86 Pac. (2d) 696].) By section 45 libel is defined as "a false and unprivileged publication by writing . . . which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation". In determining whether the alleged defamatory matter is libelous *per se* it is the duty of the court to give the language used the natural and popular construction of the average reader, not the critical analysis of a mind trained in technicalities. (*Western Broadcast Co.* v. *Times-Mirror Co.*, 14 Cal. App. (2d) 120 [57 Pac. (2d) 977].) Considering the notice in such light, it amounts to nothing more than a request to the employees of the theatre to boycott Starr's Ice Cream Company because "they have shown themselves disloyal to the house (theatre) and the neighborhood . . . and (therefore) do not merit our patronage . . . ". Contrary to the contention of plaintiff, the language of the notice may not be construed as charging plaintiff with lack of merit. The phrase "and do not merit our patronage" is clearly a conclusion based upon the phrase which immediately precedes it. There is nothing illegal in requesting the employees to refrain from patronizing plaintiff's store, for an employer may by any legal means induce his employees not to patronize a particular establishment. (*Union Labor Hospital Assn.* v. *Vance Redwood Lumber Co.*, 158 Cal. 551 [112 Pac. 886, 33 L. R. A. (N. S.) 1034]; *Katz* v. *Kapper*, 7 Cal. App. (2d) 1 [44 Pac. (2d) 1060].) The libel, if any, must therefore be found in the charge of disloyalty.

Is the statement that "they have shown themselves disloyal to the house and the neighborhood" libelous *per se*? Construing such language in its natural and popular sense it fails to come within the meaning of section 45 of the Civil Code. The word "disloyal" is defined as "not loyal; not true to a sovereign or lawful superior, or to the government under which one lives; false where allegiance is due; faithless." (Webster's New International Dictionary.) Obviously the word was not used in the sense as above defined for plaintiff owed no duty of allegiance, faithfulness or loyalty to the theatre or to any other establishment in the neighborhood. Placing ourselves in the position of the reader under the circumstances (*Rosenberg* v. *J. C. Penney Co., supra*), it is evident that the word "disloyal" was used as meaning uncooperative. Such a charge is not libelous. The case comes within the rule that one who is charged with doing that which he may legally and properly do is not liable. (16 Cal. Jur., p. 53; *Stevens* v. *Snow*, 191 Cal. 58 [214 Pac. 968]; *Mellen* v. *Times-Mirror Co.*, 167 Cal. 587 [140 Pac. 277, Ann. Cas. 1915C, 766].)

Manifestly the plaintiff was charged with nothing which would expose him to hatred, contempt, ridicule, or obloquy, or which would cause him to be shunned or avoided. Nor did it tend to injure him in his occupation, for it cast no reflection on his business ability, his honesty, his integrity, or the manner in which his business was conducted. (16 Cal. Jur., 45, and cases there cited.)

The remaining contentions advanced by plaintiff are based upon the assumption that the language of the notice is libelous *per se*. In view of our conclusion that the language is not libelous *per se* it is unnecessary to discuss them.

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 28, 1941.