[Civ. No. 4732.   Fourth Dist.   Dec. 7, 1953.]

JAMES J. CAMPBELL, Appellant, v. WILLIAM H. VEITH et al., Respondents.

James J. Campbell, in pro. per., and J. B. Lawrence for Appellant.

Thompson & Colegate and Gillar Boyd for Respondents.

GRIFFIN, J.—James J. Campbell, in propria persona, filed this action against defendants William and Clara Veith, and the Indian Land Development Company. The pleading was entitled "Amended complaint for libel—words in themselves not libelous," and alleged generally that he was renting from one Nielsen (a subtenant of defendants) a certain cabana in Palm Springs Trailer Village, and occupied it as an office in which to conduct his real estate business, notary public, etc.; that defendants were leasing the lands on which the cabana was located from Agua Caliente Band of Mission Indians; that on September 15, 1952, the Veiths wrote a letter to Nielsen concerning the plaintiff, as follows: "If you continue to rent to James J. Campbell, your rent will be raised . . ." He then alleges that he has twice requested Nielsen, without success, to give him the said letter or a copy thereof; that the

letter in itself was not libelous but it was the opening wedge in the minds of those who read it, namely, Nielsen and his family, to determine the future attitude on their part, towards renting their property to plaintiff; that it was the intention of defendants "to deprive plaintiff of his business office location, in order to remove competition from him, as a licensed real estate broker, in the renting and/or selling cabanas" in Palm Springs Trailer Village; that the "defendants' greed, avariciousness, deceit, perjury and treacherousness is manifested in his concealment of his activities in the renting and selling of said cabanas and house trailers, by failing to display his sign as a licensed real estate broker"; that the income from "these commissions normally amount to between $5,000.00 and $6,000.00 annually"; that the defendants declared to Nielsen that the small additional rent they might demand was no object, but that they wanted plaintiff evicted because they had "received complaints from the City and tenants in the trailer park regarding him"; and that unless plaintiff was evicted, Nielsen and his family would have to move; that Nielsen then caused plaintiff to vacate "by removing his signs, and refusing his rent"; that plaintiff sustained damages by reason "of said false and defamatory publication" in the sum of $25,000. He prayed for judgment accordingly.

Plaintiff filed a bond under the provisions of Act 4317, 2 Deering's General Laws, in reference to libel actions. Plaintiff failed to appear at the hearing on the demurrer to the original as well as the amended complaints. The demurrer to the amended complaint was sustained without leave to amend, and judgment went for the defendants. The court awarded attorneys' fees and costs to them, payable out of the bond.

In appealing from the judgment entered plaintiff obtained an attorney to represent him. He now concedes in his brief that plaintiff did attempt to frame a complaint for libel, but claims that plaintiff mistook the nature of his cause of action, and argues that having belatedly obtained an attorney, he is now able to identify his cause of action in that it shows that defendants, by "fraud and economic pressure," actively and intentionally induced plaintiff's immediate landlord to terminate plaintiff's lease of his business premises and accordingly a cause of action for tortious interference with contractual relations is pleaded; that although this cause of action was

apparently "overlooked" by plaintiff as well as the trial judge, nevertheless plaintiff should not be deprived of his opportunity to recover because of his erroneous legal conclusions. Counsel for plaintiff now concedes that no cause of action for libel was stated.

Defendants rely upon the general proposition that the cause of action which was alleged in the complaint in the trial court cannot be changed in the appellate court and that where a case has been tried upon one theory, that theory will be adhered to on appeal, citing *Elliott* v. *Sims,* 91 Cal.App. 779, 781 [267 P. 584]; *Munfrey* v. *Cleary,* 75 Cal.App.2d 779, 785 [171 P.2d 750]; *Baskett* v. *Crook,* 86 Cal.App.2d 355, 363 [195 P.2d 39]; and *Haskins* v. *Certified Escrow & Mtg. Co.,* 96 Cal.App.2d 688, 690 [216 P.2d 90]. This rule has not been applied to a ruling on a general demurrer to a complaint.

█ It is the general rule that if a complaint can be sustained on any theory it is not vulnerable to a general demurrer (*Schumm* v. *Berg,* 37 Cal.2d 174, 183 [231 P.2d 39, 21 A.L.R. 2d 1051].) █ The subject matter of an action and the issues involved are determinable from the facts alleged, rather than from the title of the pleading or the character of recovery suggested in connection with the prayer for relief. (*Buxbom* v. *Smith,* 23 Cal.2d 535, 542 [145 P.2d 305].) And it has been held that the form of action is immaterial if a cause of action is actually stated, the doctrine of "theory of pleading" having been repudiated in this state. (*California Western States Life Ins. Co. v. Tucker,* 15 Cal.2d 69, 71 [98 P.2d 511].)

Examining the complaint, from the facts alleged it appears that Nielsen was notified by defendants Veith that if he "continued to rent to . . . Campbell your rent will be raised"; that they wanted plaintiff evicted; that unless Nielsen breached his rental agreement with plaintiff, Nielsen and his family would have to move; and that as a result Nielsen refused Campbell's tender of rent and caused him to vacate his real estate office by reason of the financial pressure put upon Nielsen by defendants.

It is true that the complaint contains much surplusage and immaterial matter, and recites that defendants told Nielsen that they had received complaints regarding plaintiff from the city and tenants in the trailer park. It is not clear whether plaintiff intended to allege that this was or was not a false statement, but he does allege that by reason of "said false and defamatory publication" he suffered damages.

It may be that defendants did have an interest in the property to protect, i. e., to see to it that the subtenants were the proper type of persons and that Nielsen may have had the apparent right to terminate the tenancy regardless of any letter from defendants on the subject. ■ However, these matters, as well as the claim of privileged competition, under the rule announced in *Katz* v. *Kapper*, 7 Cal.App.2d 1, 4 [44 P.2d 1060], were matters of defense, and could not be considered in ruling on a general demurrer where the allegations of the complaint sufficiently show that the conduct of the defendants is actionable. (*Owen* v. *Williams*, 322 Mass. 356 [77 N.E.2d 318] ; *Sidney Blumenthal & Co.* v. *United States*, 30 F.2d 247 ; Code Civ. Proc., § 1981.)

The rule applied in the Katz case, *supra*, to the test of "competition," is stated to be as follows [quoting from 15 R.C.L. p. 73, and cases cited] :

"Competition in business, though carried to the extent of ruining a rival, is not ordinarily actionable, but every trader is left to conduct his business in his own way, so long as the methods he employs do not involve wrongful conduct such as fraud, misrepresentation, intimidation, coercion, obstruction, or molestation of the rival or his servants or workmen, or the procurement of the violation of contractual relations."

Section 766, Restatement of the Law of Torts, defines the general principle as follows:

"Except as stated in Section 698, one who, without a privilege to do so, induces or otherwise purposely causes a third person not to (a) perform a contract with another, or (b) enter into or continue a business relation with another is liable to the other for the harm caused thereby."

It cites several illustrations of this principle. Leading California cases have relied on this principle. (*Remillard-Dandini Co.* v. *Dandini*, 46 Cal.App.2d 678, 680 [116 P.2d 641] ; *Imperial Ice Co.* v. *Rossier*, 18 Cal.2d 33 [112 P.2d 631] ; *Speegle* v. *Board of Fire Underwriters*, 29 Cal.2d 34 [172 P.2d 867]. See, also, *Bautista* v. *Jones*, 25 Cal.2d 746 [155 P.2d 343] ; *Dominguez Estate Co.* v. *Los Angeles Turf Club*, 119 Cal. App.2d 530 [259 P.2d 962] ; *American Bank & Trust Co.* v. *Federal Reserve Bank*, 256 U.S. 350 [41 S.Ct. 499, 65 L.Ed. 983] ; *Miller* v. *McLaglen*, 82 Cal.App.2d 219 [186 P.2d 48] ; *Los Angeles Inv. Co.* v. *Gary*, 181 Cal. 680 [186 P. 596, 9 A.L.R. 115].)

While the complaint in the instant action is no model to be followed, the facts alleged do present a close question of its sufficiency to properly set forth a cause of action for tortious interference with contractual relations, and there still remains the possibility that the complaint could be amended so as to properly state such a cause of action.

It is the established rule that when a complaint, by direct allegations, inferences or conclusions, however indefinitely or defectively drawn, shows that the plaintiff has a cause of action and that he is entitled to some relief, a general demurrer should not be sustained without leave to amend, and particularly so if the complaint is subject to amendment. (*Kauffman* v. *Bobo & Wood,* 99 Cal.App.2d 322 [221 P.2d 750]; *Roberts* v. *Wachter,* 104 Cal.App.2d 281 [231 P.2d 540]; *Speegle* v. *Board of Fire Underwriters,* 29 Cal.2d 34, 42 [172 P.2d 867].)

It was hardly fair to the trial court and to opposing counsel to present a pleading which on its face indicated that the only cause of action attempted to be pleaded was one for libel, particularly where a bond was posted as required in an action for libel and the only relief sought was for "damages by reason of false and defamatory publication," and then claim, for the first time on appeal, that it might possibly encompass some other and different cause of action not brought to the attention of the trial court at the time of its ruling. We find, and counsel for defendants have pointed to, no cases indicating any exception to the rules above enumerated pertaining to a ruling on a general demurrer.

Accordingly, the order sustaining the general demurrer to the complaint without leave to amend was erroneous in this respect, and that portion of the judgment based thereon refusing plaintiff the right to so amend must be reversed.

A question, however, does arise as to that portion of the judgment which allows a recovery in favor of defendants for costs and reasonable attorneys' fees on the theory that defendants properly recovered a judgment in their favor on the cause of action for libel attempted to be alleged in the complaint. If this claimed cause of action had been separately stated, a demurrer thereto sustained without leave to amend, and judgment entered thereon against plaintiff, the operation of the judgment as to this claimed cause of action and the awarding of costs and attorneys' fees therein would have been sustained.

We therefore conclude that that portion of the judgment pertaining to the claimed cause of action for libel and allowing costs and attorneys' fees must be and is affirmed; and that the portion of the judgment sustaining the general demurrer without leave to amend, insofar as it precludes plaintiff from attempting to amend his complaint to state a cause of action for tortious interference with contractual relations and ordering that plaintiff take nothing by said action in this respect, must be and is reversed.

In the interests of justice and in view of the negligence of plaintiff in the preparation of his pleadings and his failure to appear and properly present his contentions to the trial court in the first instance, it is directed that plaintiff be allowed no costs on appeal and that defendants be awarded and allowed to recover from plaintiff their costs on appeal. (Rule 26, Rules on Appeal.)

Judgment is accordingly affirmed in part and reversed in part.

Barnard, P. J., and Mussell, J., concurred.

A petition for a rehearing was denied January 4, 1954.