## Mary Legris v. Clara Marcotte.

### Gen. No. 4,646.

1. RES GESTAE—*what not part of.* Statements which are re-
citals of past events and are mere hearsay and which do not ac-
company the performance of any act material to the case, are not
part of the *res gestae.*

2. MALICE—*essential to cause of action for alleged interference
with contract rights.* In order to maintain an action against a
third party for interfering with the contract rights of the plaint-
iff, it is essential that malice be shown.

Action in case. Appeal from the Circuit Court of Kankakee
county; the Hon. F. L. HOOPER, Judge, presiding. Heard in this
court at the April term, 1906. Reversed and remanded. Opinion
filed October 16, 1906.

**Statement by the Court.** This is an action in case
brought by Clara Marcotte, by her mother, Frances
Marcotte, as next friend, to recover damages against
appellant for maliciously causing the dismissal of ap-
pellee from a convent school at Bourbonnais, Illinois.

The declaration contains four counts alleging ma-
licious interference of defendant with the contractual
rights of plaintiff for instruction, board and lodging

for reward, whereby plaintiff was deprived of the benefit of instruction, to her damage, etc. Two of the counts allege the contract was with Sarah Paradis; the third alleges the contract was with Sarah Paradis, the mother superior of a parochial school, and the fourth, that the contract was with the parochial school.

The plea was the general issue, with notice in writing of special matter intended to be relied on as a defense, that Alfred Marcotte, father of plaintiff, had contracted a loathsome disease, and that plaintiff was in danger of being infected, and that said defendant, having a daughter in said school, was justified in what she did, and that the information communicated was privileged.

The facts, as disclosed on the trial, are, that Frances Marcotte, the mother and next friend of appellee, Clara Marcotte, living two and one-half miles from Bourbonnais, in the fall of 1901, contracted with Sarah Paradis, the mother superior of the convent, to furnish board, lodging, tuition and music for Clara Marcotte, her daughter, then thirteen years of age, and two younger daughters for $18 per month for the three girls. The girls attended the convent until Christmas, and went home for the holidays. They were not ready to go back the first two weeks after the vacation, their clothes not being ready, and after that the mother superior delayed their return for sometime, by saying the school had no bedsteads. There being neighborhood talk that Alfred Marcotte had some contagious disease, the mother superior sent a letter on March 8th to Doctor Caron, stated that she wanted and must have a medical certificate regarding the family of Fred Marcotte, for the information of the people. On the same day a certificate was presented for Clara only. On Wednesday, March 12th, the children returned to school, and on the Friday following their return to school, the mother superior told the mother of appellee that she would have to take the children home; that

she wanted a certificate that Alfred Marçotte, the father, had not the bad disease. The girls were taken home that Friday and on the next day, or Monday, a doctor's certificate was shown to the mother superior, that Alfred Marcotte was free from any disease.

Defendant's proof is that within a day or two after the certificate of Alfred Marcotte was shown to the mother superior, the Marcottes were asked by her to return the children to school. Mrs. Marcotte says she was not asked to return the children to school for a month after their dismissal, and the children did not return.

The proof of appellee showed, that before the matter complained of occurred, Frances Marcotte, the mother and next friend of appellee in this suit, said to Mrs. Clay Marcotte in the presence of her husband, Clay Marcotte, a cousin of Alfred Marcotte, that her husband, Alfred Marcotte, had communicated to her some disease. Frances Marcotte described it in her testimony as the "itching disease," "it is a miserable stuff and keeps you scratching all the time." Mrs. Clay Marcotte said Mrs. Frances Marcotte told her "it was some damnable uncleanliness." Clay Marcotte reported to Alexis Rivard that his cousin Alfred had "bad disease." Rivard reported this to his wife, and Mrs. Rivard reported it to the mother superior, and also to Mrs. Benoit, who told it to Mrs. Legris.

Dr. Caron, a witness for appellee, testified that in the summer of 1901 Alfred Marcotte had the itch, and he treated him for it, and that the day before, or the day after he examined Alfred Marcotte, appellant met him and said: "You ought to know that the children of Fred Marcotte are diseased, and the children are a danger to the health of other children in the convent, and you ought to give a certificate to the mother superior to that effect so that the children will not stay in the convent longer. If they do stay, a dozen families will take theirs away, and it would

be better to give the certificate than expose the
convent to be shut up." He also said the mother
superior consulted with him January 6th about a
report she had heard that the Marcotte family had
the itch, and he told her he had not examined the
family and didn't know, but if they had the itch it
would be carried to others by using the same towels,
forks or spoons. In another suit, that of Jennie Mar-
cotte against Mrs. Legris, Doctor Caron had testified,
as is shown by the testimony of the court reporter,
"Well, referring to that conversation Mrs. Legris told
me that I ought to know that Mr. Fred Marcotte had
*les mauvais maux,* that his children were in the con-
vent, and that they were a danger to the community on
account of being a medium of transmission of this
sickness from home to the children of the convent,"
and at that time he said nothing about Mrs. Legris
saying the children had any disease. The mother supe-
rior testified that Mrs. Rivard in January objected
to having the Marcotte children in school on account
of Marcotte "having bad diseases," and that on Friday,
the day the children were taken home, she told Mrs.
Marcotte she could not keep them, unless she had a cer-
tificate to prove Mr. Marcotte was not diseased; that
after a certificate concerning Marcotte was presented
she told Mrs. Marcotte the children should be kept at
home for a while until the talk quieted down; that all
the children in school were talking about it; that she
sent the children away, because she was afraid other
children would be kept out of school and that there
was such talk among the children, and that the first
time she told Mrs. Marcotte that she had heard com-
plaint that her husband had bad diseases, that Mrs.
Marcotte admitted "she feared it was the case, because
Mr. Marcotte had kind of scratch disease and she was
afraid it was that." The verdict was in favor of ap-
pellee for $516.50, the plaintiff remitted $200, a motion

for a new trial was overruled and judgment entered for $316.50, and defendant appeals.

Granger & Granger and W. H. Savary, for appellant.

Bert L. Cooper, for appellee.

Mr. Justice Thompson delivered the opinion of the court.

Appellant has assigned for error that appellee was permitted to prove by Frances Marcotte, statements made by the mother superior to Frances Marcotte and her husband on Saturday and Sunday, when the husband was seeking to get from the mother superior evidence that he could use in a slander suit in which he was plaintiff against appellant. These conversations were after the children were dismissed from school the previous Friday. Counsel for appellee say that the statements made at that time were competent as a part of the *res gestae.* They were a recital of past events and mere hearsay. They accompanied no act and were no part of the dismissal of the children and hence were not *res gestae* and were incompetent. The record does not show that any objection was made to this evidence, or that any motion was made to exclude it, and there was no ruling of the court on its admissibility and there is no ruling thereon for us to review.

It is also assigned for error that the court improperly instructed the jury on behalf of appellee, and refused a proper instruction asked by appellant. The question involved in this assignment is, can there be a recovery in a suit where the gist of the action is malicious interference with the contractual rights of the parties? The question is fully answered by the cases of Doremus v. Hennessy, 176 Ill. 608; London Guarantee Co. v. Horn, 206 Ill. 493; Rice v. Manley, 66 N. Y. 82, and Morgan v. Andrews, 107 Mich. 33; and there

was no error in either giving or refusing instructions.

To sustain a judgment in this case, malice being the gist of the action, it was incumbent upon appellee to prove actual malice. The only competent evidence in the case that tends to prove malice is that of Doctor Caron wherein he said appellant told him he ought to know that the children of Fred Marcotte are diseased. At a former trial he gave a different version of the conversation. At that time he said that Mrs. Legris said Fred Marcotte was diseased and the children might be a medium of transmission. Doctor Caron was the Marcotte family physician. Mrs. Legris had a little girl in the convent school, and was justified in informing the mother superior of the neighborhood talk, if she did it in a proper manner, without malice and with justifiable motives. Doremus v. Hennessy, *supra;* London Guarantee Co. v. Horn, *supra;* Wharton v. Wright, 30 Ill. App. 343. If the father of appellee had any disease that was contagious, there was danger that the children might be infected with it and transmit it to the other scholars. Mrs. Marcotte when spoken to by the mother superior admitted she feared her husband had "scratch disease." On March 8th the mother superior had written a letter asking for a certificate from the family physician as to the health of the Marcotte family for the information of the people. The letter was returned with a certificate as to appellee only. Mrs. Marcotte, the mother and next friend of appellee, had started the neighborhood talk by telling her husband's cousin and his wife that her husband had given her "scratch disease" and "some damnable uncleanliness." The doctor had treated Alfred Marcotte, the father of appellee, for the itch and had said it was contagious and might be communicated through towels or table ware. It seems to us that the appellant in informing the mother superior of what she had heard did neither more nor less than any mother who had the welfare of her own child at heart and was in-

terested in the convent school by reason of her own child's attendance there, would have done under similar circumstances. She would have been negligent in the performance of her duty had she not conveyed the information to the proper school authorities. If the father of appellee or any of the family had the itch or any other filthy, contagious disease, the school should be quarantined against them. When the evidence is reviewed we fail to find evidence of malice sufficient to sustain the verdict. The cause will be reversed and remanded for a new trial.

*Reversed and remanded.*