[L. A. No. 16558.   In Bank.—April 29, 1941.]

IMPERIAL ICE COMPANY (a Corporation), Appellant, v. WAYNE ROSSIER et al., Respondents.

Earl E. Moss and Everett A. Hart for Appellant.

M. Tellefson for Respondents.

TRAYNOR, J.—The California Consumers Company purchased from S. L. Coker an ice distributing business, inclusive of good will, located in territory comprising the city of Santa Monica and the former city of Sawtelle. In the purchase agreement Coker contracted as follows: "I do further agree in consideration of said purchase and in connection therewith, that I will not engage in the business of selling and or distributing ice, either directly or indirectly, in the above described territory so long as the purchasers, or anyone deriving title to the good will of said business from said purchasers, shall be engaged in a like business therein." Plaintiff, the Imperial Ice Company, acquired from the successor in interest of the California Consumers Company full title to this ice distributing business, including the right to enforce the covenant not to compete. Coker subsequently began selling in the same territory, in violation of the contract, ice supplied to him by a company owned by W. Rossier, J. A. Matheson, and Fred Matheson. Plaintiff thereupon brought this action in the superior court for an injunction to restrain Coker from violating the contract and to restrain Rossier and the Mathesons from inducing Coker to violate the contract. The complaint alleges that Rossier and the Mathesons induced Coker to violate his contract so that they might sell ice to him at a profit. The trial court sustained without leave to amend a demurrer to the complaint of the defendants

Rossier and Mathesons and gave judgment for those defendants. Plaintiff has appealed from the judgment on the sole ground that the complaint stated a cause of action against the defendants Rossier and the Mathesons for inducing the breach of contract.

The question thus presented to this court is under what circumstances may an action be maintained against a defendant who has induced a third party to violate a contract with the plaintiff.

█ . It is universally recognized that an action will lie for inducing breach of contract by a resort to means in themselves unlawful such as libel, slander, fraud, physical violence, or threats of such action. (See cases cited in 24 Cal. L. Rev. 208; 84 A. L. R. 67.) Most jurisdictions also hold that an action will lie for inducing a breach of contract by the use of moral, social, or economic pressures, in themselves lawful, unless there is sufficient justification for such inducement. (See cases cited in 84 A. L. R. 55; 24 Cal. L. Rev. 208, 209; see Sayre, Inducing Breach of Contract, 36 Harv. L. Rev. 663, 671; Carpenter, Interference With Contractual Relations, 41 Harv. L. Rev. 728, 732; Rest., Torts, sec. 766.)

Such justification exists when a person induces a breach of contract to protect an interest that has greater social value than insuring the stability of the contract. (Rest., Torts, sec. 767.) Thus, a person is justified in inducing the breach of a contract the enforcement of which would be injurious to health, safety, or good morals. (*Brimelow* v. *Casson*, (1924) 1 Ch. 302; *Legris* v. *Marcotte*, 129 Ill. App. 67; Rest., Torts, sec. 767 (d).) The interest of labor in improving working conditions is of sufficient social importance to justify peaceful labor tactics otherwise lawful, though they have the effect of inducing breaches of contracts between employer and employee or employer and customer. (*Pierce* v. *Stablemen's Union*, 156 Cal. 70 [103 Pac. 324]; *Parkinson Co.* v. *Building Trades Council*, 154 Cal. 581 [98 Pac. 1027, 16 Ann. Cas. 1165, 21 L. R. A. (N. S.) 550]; *McKay* v. *Retail Automobile Salesmen's Local Union No. 1067*, 16 Cal. (2d) 311 [106 Pac. (2d) 373]; *Kemp* v. *Division No. 241*, 255 Ill. 213 [99 N. E. 389, Ann. Cas. 1913D, 347]; *Pickett* v. *Walsh*, 192 Mass. 572 [78 N. E. 753, 116 Am. St. Rep. 272, 7 Ann. Cas. 638, 6 L. R. A. (N. S.) 1067]; *Grant Const. Co.* v. *St. Paul Building Trades Council*, 136 Minn.

167 [161 N. W. 520, 1055]; *National Protective Assn.* v. *Cumming*, 170 N. Y. 315 [63 N. E. 369, 88 Am. St. Rep. 648, 58 L. R. A. 135]; *Roddy* v. *United Mine Workers of America*, 41 Okl. 621 [139 Pac. 126, L. R. A. 1915D, 789]; *Jetton-Dekle-Lumber Co.* v. *Mather*, 53 Fla. 969 [43 So. 590]; *Clemmitt* v. *Watson*, 14 Ind. App. 38 [42 N. E. 367]; *Gray* v. *Building Trades Council*, 91 Minn. 171 [97 N. W. 663, 103 Am. St. Rep. 477, 1 Ann. Cas. 172, 63 L. R. A. 753]; *State* v. *Employers of Labor*, 102 Neb. 768 [169 N. W. 717, 170 N. W. 185]; see *Thornhill* v. *Alabama*, 310 U. S. 88 [60 Sup. Ct. 736, 84 L. Ed. 1093]; *Carlson* v. *California*, 310 U. S. 106 [60 Sup. Ct. 746, 84 L. Ed. 1104]; Rest., Torts, secs. 797 to 812.) In numerous other situations justification exists (see Rest., Torts, secs. 766 to 774) depending upon the importance of the interest protected. The presence or absence of ill-will, sometimes referred to as "malice", is immaterial, except as it indicates whether or not an interest is actually being protected. (*Boyson* v. *Thorn*, 98 Cal. 578 [33 Pac. 492, 21 L. R. A. 233]; *Parkinson Co.* v. *Building Trades Council*, *supra;* see cases cited in 84 A. L. R. 50; see Rest., Torts, sec. 766, comment M.)

It is well established, however, that a person is not justified in inducing a breach of contract simply because he is in competition with one of the parties to the contract and seeks to further his own economic advantage at the expense of the other. (See cases cited in 84 A. L. R. 83; 24 Cal. L. Rev. 208, 211; see Rest., Torts, sec. 768 (2).) Whatever interest society has in encouraging free and open competition by means not in themselves unlawful, contractual stability is generally accepted as of greater importance than competitive freedom. Competitive freedom, however, is of sufficient importance to justify one competitor in inducing a third party to forsake another competitor if no contractual relationship exists between the latter two. (*Katz* v. *Kapper*, 7 Cal. App. (2d) 1 [44 Pac. (2d) 1060]; *Union Labor Hospital Assn.* v. *Vance Redwood Lbr. Co.*, 158 Cal. 551 [112 Pac. 886, 33 L. R. A. (N. S.) 1034]; *Debnam* v. *Simonson*, 124 Md. 354 [92 Atl. 782]; *Walker* v. *Cronin*, 107 Mass. 555; Rest., Torts, sec. 768 (1).) A person is likewise free to carry on his business, including reduction of prices, advertising, and solicitation in the usual lawful manner although some third party may be induced thereby to breach his contract with a competitor in favor

of dealing with the advertiser. (*Philadelphia Dairy Products* v. *Quaker City Ice Cream Co.*, 306 Pa. 164 [159 Atl. 3, 84 A. L. R. 466]; *Citizens' Light etc. Co.* v. *Montgomery Light etc. Co.*, 171 Fed. 553; *Passaic Print Works* v. *Ely & Walker Dry Goods Co.*, 105 Fed. 163 [44 C. C. A. 426, 62 L. R. A. 673].) Again, if two parties have separate contracts with a third, each may resort to any legitimate means at his disposal to secure performance of his contract even though the necessary result will be to cause a breach of the other contract. (*Cumberland Glass Mfg. Co.* v. *De Witt*, 120 Md. 381 [87 Atl. 927, Ann. Cas. 1915A, 702]; affirmed 237 U. S. 447 [35 Sup. Ct. 636, 59 L. Ed. 1042]; *Knapp* v. *Penfield*, 143 Misc. 132 [256 N. Y. Supp. 41]; *National Life & Acc. Ins. Co.* v. *Wallace*, 162 Okl. 174 [21 Pac. (2d) 492]; *Diver* v. *Miller*, 4 W. W. Harr. [34 Del.] 207, 208 [148 Atl. 291]; *Tidal Western Oil Co.* v. *Shackelford*, (Tex. Civ. App.) 297 S. W. 279; 84 A. L. R. 63; Rest., Torts, sec. 773.) A party may not, however, under the guise of competition actively and affirmatively induce the breach of a competitor's contract in order to secure an economic advantage over that competitor. The act of inducing the breach must be an intentional one. If the actor had no knowledge of the existence of the contract or his actions were not intended to induce a breach, he cannot be held liable though an actual breach results from his lawful and proper acts. (Rest., Torts, sec. 766, comment e; *Hornstein* v. *Podwitz*, 254 N. Y. 443 [173 N. E. 674]; *Sorenson* v. *Chevrolet Motor Co.*, 171 Minn. 260 [214 N. W. 754]; *Kerr* v. *Du Pree*, 35 Ga. App. 122 [132 S. E. 393]; *New York Trust Co.* v. *Island Oil & Transport Corp.*, 34 Fed. (2d) 649; *Wissmath Packing Co.* v. *Mississippi River Power Co.*, 179 Iowa 1309 [162 N. W. 846]; see *Robins Dry Dock & Repair Co.* v. *Flint*, 275 U. S. 303 [48 Sup. Ct. 134, 72 L. Ed. 290]; see additional cases cited in 84 A. L. R. 49.)

In California the case of *Boyson* v. *Thorn, supra,* has been considered by many as establishing the proposition that no action will lie in this state for inducing breach of contract by means which are not otherwise unlawful. In that case the manager of a hotel induced the owner of the hotel to evict plaintiffs in violation of a contract. The complaint expressly alleged the existence of malicious motives on the part of the manager. This court affirmed a judg-

ment entered on an order which sustained a demurrer without leave to amend, stating that an act otherwise lawful was not rendered unlawful by the existence of "malice". It is clear that the confidential relationship that existed between the manager of the hotel and the owner justified the manager in advising the owner to violate his contract with plaintiffs. His conduct thus being justified, it was lawful despite the existence of ill-will or malice on his part. The statements to the effect that no interference with contractual relations is actionable if the means employed are otherwise lawful were not necessary to the decision and should be disregarded. This interpretation is substantiated by the construction placed upon *Boyson* v. *Thorn* in the case of *Parkinson Co.* v. *Building Trades Council, supra,* wherein it is stated: "In the first named case [*Boyson* v. *Thorn*] it was concluded upon an extensive review of the authorities, American and English, that 'an act which does not amount to a legal injury cannot be actionable because it is done with bad intent' ". In *California Grape Control Board* v. *California Produce Corp.,* 4 Cal. App. (2d) 242 [40 Pac. (2d) 846], the District Court of Appeal held that an unjustifiable interference with contractual relations was actionable and issued an injunction restraining continued interference, which is a proper remedy in cases of this type (see cases cited in 84 A. L. R. 85), despite defendant's reliance on *Boyson* v. *Thorn.* (Appellant's Reply Brief, p. 7, 1st Div., 2d Dist., Civ. No. 9615.) This case marks an outright adoption of the majority view. The case of *Katz* v. *Kapper, supra,* relied upon by defendants, held only that a person by the use of lawful means could interfere with advantageous business relationships of a competitor by inducing customers to trade with him instead. The case did not involve a breach of contract, and the court specifically stated: "In deciding whether the conduct of defendants, alleged in the complaint, is actionable, it is necessary to apply certain well-settled rules relating to competition in business. These may be generally stated as follows: 'Competition in business, though carried to the extent of ruining a rival, is not ordinarily actionable, but every trader is left to conduct his business in his own way, so long as the methods he employs do not involve wrongful conduct such as fraud, misrepresentation, intimidation, coercion, obstruction, or molestation of the rival or his ser-

vants or workmen, *or the procurement of the violation of contractual relations . . .* '."  (Italics added.)  In California, therefore, an action will lie for unjustifiably inducing a breach of contract.

■  The complaint in the present case alleges that defendants actively induced Coker to violate his contract with plaintiffs so that they might sell ice to him.  The contract gave to plaintiff the right to sell ice in the stated territory free from the competition of Coker.  The defendants, by virtue of their interest in the sale of ice in that territory, were in effect competing with plaintiff.  By inducing Coker to violate his contract, as alleged in the complaint, they sought to further their own economic advantage at plaintiff's expense.  Such conduct is not justified.  Had defendants merely sold ice to Coker without actively inducing him to violate his contract, his distribution of the ice in the forbidden territory in violation of his contract would not then have rendered defendants liable.  They may carry on their business of selling ice as usual without incurring liability for breaches of contract by their customers.  It is necessary to prove that they intentionally and actively induced the breach.  Since the complaint alleges that they did so and asks for an injunction on the grounds that damages would be inadequate, it states a cause of action, and the demurrer should therefore have been overruled.

The judgment is reversed.

Edmonds, J., Shenk, J., and Gibson, C. J., concurred. Curtis, J., concurred in the judgment.