[Civ. No. 11537.   First Dist., Div. Two.   Sept. 3, 1941.]

REMILLARD–DANDINI COMPANY (a Corporation), Appellant, v. LILLIAN R. DANDINI et al., Respondents.

George P. Tobin for Appellant.

Johnson & Harmon for Respondents.

NOURSE, P. J.—█ The plaintiff sued for damages for interference with its business. Before a ruling was had on the defendants' demurrer it was stricken from the files and they filed their answer. They thereafter made a motion for judgment on the pleadings which was granted upon the sole ground that the complaint did not state a cause of action. The appeal is taken on the judgment roll and presents the single question whether a cause of action in tort is stated where plaintiff sues for the defendants' "intentional interference with contractual rights and relationships of plaintiff." Before consideration of the appeal it should be stated that the plaintiff does not defend any of the other allegations of damage and that the ruling of the trial court as to those allegations was sound. For this reason they should be eliminated from the complaint, by amendment or motion, before the cause goes to trial upon the merits.

█ The pertinent allegations of damage, which we hold to be sufficient, relate to the acts charged to the defendants tending to induce third parties to break their contractual obligations and relationships with the plaintiff. These are in part: that the defendant Lillian R. Dandini "called upon a number of the creditors of plaintiff and sought to and did induce such creditors of plaintiff to break the contractual relationships which existed between such creditors and plaintiff, all of which was done for the purpose and with the intention of bringing about the destruction and failure of plaintiff as a business and going concern"; also, "That by reason of the foregoing acts, statements and conduct of defendants, plaintiff has sustained damage in the following manner and amounts: That by reason of the interference by defendants in the relationships between plaintiff and its creditors, materials, supplies and services which had been contracted for by plaintiff were not delivered or supplied by such creditors and suppliers in accordance with the terms which had originally been arranged between such creditors and suppliers and plaintiff, and as a direct result of which plaintiff's plants were damaged and the operation of plaintiff's plants, and of its trucks, were curtailed, as a direct result of which plaintiff has sustained damage in the sum of not less than one thou-

sand ninety five ($1095.00) dollars; that the credit theretofore extended to plaintiff was curtailed and creditors of plaintiff demanded immediate payment of their accounts and refused to furnish further or other materials, supplies or services on credit as they had done previously, and plaintiff was required to pay cash therefor.''

That a third party's unjustifiable interference with contractual relations is actionable is now the settled law in this state. This court so held in *California Grape Control Board* v. *California Produce Corporation,* 4 Cal. App. (2d) 242 [40 Pac. (2d) 846]. The holding was approved in *Imperial Ice Co.* v. *Rossier,* 18 Cal. (2d) 33 [112 Pac. (2d) 631]. Both of these cases involved the question whether the plaintiff had a cause of action for injunctive relief where monetary damages would not afford an adequate remedy. Here the appellant sues in tort for damages, and no suggestion is made that the damage is not provable, or that the damages would not be adequate. But it would seem to follow necessarily that if the acts complained of may be restrained because damage would result, recovery may likewise be had for the injuries suffered. The legal duty of the party to refrain can be no greater than his legal liability for the acts already accomplished. This appears to be the view expressed in vol. 4, Restatement of the Law of Torts, section 766, where it is stated: ''Except as stated in Section 698, one who, without a privilege to do so, induces or otherwise purposely causes a third person not to (a) perform a contract with another, or (b) enter into or continue a business relation with another is liable to the other for the harm caused thereby.'' The exception in section 698 is not pertinent.

Since the portions of the complaint relating to alleged interference with appellant's contractual rights and relationships were sufficient to raise the issue of respondents' liability for the acts complained of, it must follow that some cause of action was pleaded and the cause should therefore go to trial upon the merits of that issue.

The judgment is reversed.

Sturtevant, J., and Spence, J., concurred.