[Civ. No. 13440. First Dist., Div. Two. Dec. 3, 1947.]

JOHN B. ROMANO, Appellant, v. WILBUR ELLIS & COMPANY (a Corporation) et al., Respondents.

McLaughlin, McGinley & Hanson and James A. McLaughlin for Appellant.

Walter Slack, Gavin McNab, Schmulowitz, Aikins, Wyman & Sommer, Nat Schmulowitz and Sidney F. DeGoff for Respondents.

NOURSE, P. J.—Plaintiff sued in tort arising from the alleged representations of defendants which induced a third party to repudiate its contract with plaintiff. A demurrer to the complaint was sustained without leave to amend, a timely request for leave to amend was denied, and judgment was entered for defendants.

1. Does the complaint state a cause of action? It is alleged that in 1941 a Peruvian corporation named "Industrial Pesquera, S.A." executed a written contract with plaintiff and one Reed, copartners, for the exclusive right for the period of 10 years to sell its fish and fish products. In June 1942, the partnership of appellant and Reed was dissolved. Appellant took over the entire business and with the oral consent of Pesquera, the written contract was continued in force, and appellant continued the business under the old partnership name having duly filed a certificate for that purpose. In June, 1943, defendants falsely represented to Pasquera that appellant was not fit or qualified to represent them, that Pesquera could deal more profitably and advantageously with defendants if it would discontinue its contractual relations with plaintiff and deal solely through

defendants, and persuaded them to cancel their contract with appellant and to refuse to pay him the agreed commissions as agent.

The pleadings present a case closely akin to *Elsbach* v. *Mulligan*, 58 Cal.App.2d 354 [136 P.2d 651]. ■ One who fraudulently and wrongfully induces another not to perform a contract is liable for the harm thus caused. Restatement Torts, § 766; *Remillard-Dandini Co.* v. *Dandini*, 46 Cal.App. 2d 678 [116 P.2d 641]; *H. G. Fenton Mat. Co.* v. *Challet*, 49 Cal.App.2d 410 [121 P.2d 788]; *Imperial Ice Co.* v. *Rossier*, 18 Cal.2d 33 [112 P.2d 631]; *Speegle* v. *Board of Fire Underwriters*, 29 Cal.2d 34 [172 P.2d 867].

■ Neither the complaint nor the proposed amendment is a model of good pleading but a triable cause of action is pleaded. It is said in *Imperial Ice Co.* v. *Rossier, supra,* page 35: "Most jurisdictions also hold that an action will lie for inducing a breach of contract by the use of moral, social, or economic pressures, in themselves lawful, unless there is sufficient justification for such inducement. (See cases cited in 84 A.L.R. 55; 24 Cal.L.Rev. 208, 209; see Sayre, *Inducing Breach of Contract*, 36 Harv.L.Rev. 663, 671; Carpenter, *Interference With Contractual Relations*, 41 Harv.L.Rev. 728, 732; Rest., Torts, sec. 766.)" Again, at page 39, the court said: "By inducing Coker to *violate* his contract, as alleged in the complaint, they sought to further their own economic advantage at plaintiff's expense. Such conduct is not justified." (Emphasis added.)

In the Speegle case, however, the defendants were charged with having caused the termination of plaintiff's contracts as an insurance broker because he refused to comply with their demand to cease to represent nonboard companies. The court cited with approval the Imperial Ice Company case to the point that: "Intentional and unjustifiable interference with contractual relations is actionable in California as in most other jurisdictions." (P. 39.) The Speegle case seems to rest on the question whether the activities of defendants were justifiable." (P. 41.) This expression is used in many of the cases cited, but without definition. By way of illustration it is said in the Imperial Ice Company case that employees may bring pressure upon others to induce breaches of contract between an employer and his employees to improve their economic relations. On the other hand, it is said: (P. 37) "A party may not, however, under the guise of competition actively and affirmatively induce the breach

of a competitor's contract in order to secure an economic advantage over that competitor.''

In 41 Harvard Law Review, page 747, cited in the Speegle case the principles here are thus recapitulated:

''The interest in freedom from interference with contracts cannot be invaded with impunity in furtherance of an interest in freedom to enter into contract relations, an interest less highly protected in the law than the interest in contracts. Therefore, if the defendant enters into a contract with a person, who is already under contract with the plaintiff, with knowledge or surmise of the existence of the prior contract, and of the fact that performance to the defendant will prevent performance to the plaintiff, he is merely furthering his interest to enter into contracts and he should not only not be able to recover on the contract which he has made, but should be held liable for inducing breach of contract, or be enjoined from interference, even though the prior contract does not give the third person a property interest.''

The proposed amended complaint presents such a case. It charges the defendants with falsely representing to Pesquera that plaintiff was ''not fit or qualified to act as agent'' for the purpose of convincing Pesquera to terminate its agency with the plaintiff and to employ the defendants in that capacity.

It is immaterial whether after the dissolution of plaintiff's partnership his contract with Pesquera was one ''at will.'' *Speegle* v. *Board of Fire Underwriters, supra,* says (p. 39) that ''at the will of the parties, respectively does not make it one at the will of others,'' and that ''the great majority of the cases have held that unjustifiable interference with contracts terminable at will is actionable.''

2. Is the action barred by the statute of limitations? This is not an action for breach of the contract between appellant and Pesquera. The latter is not a party to the action. The suit is for damages for fraud. The accepted rule of the cases hereinabove cited is that the gist of this type of action is fraud. Section 1573 of the Civil Code provides: ''Constructive fraud consists:

''1. In any breach of duty which, without an actually fraudulent intent, gains an advantage to the person in fault, or anyone claiming under him, by misleading another to his prejudice, or to the prejudice of anyone claiming under him.''

In *Imperial Ice Co.* v. *Rossier, supra,* the court said:

"It is universally recognized that an action will lie for inducing breach of contract by a resort to means in themselves unlawful such as libel, slander, fraud, physical violence, or threats of such action." (P. 35.) If a party were suing for simple libel, slander or physical violence, the cause would be limited to the one-year period of section 340. But the gist of the action is the "fraudulent inducement" leading to the breach of the contract. *Elsbach* v. *Mulligan,* 58 Cal.App.2d 354, 366 [136 P.2d 651]. ▮ The complaint sets forth that these false representations were relied on by Pesquera, that they were uttered with the intent to mislead Pesquera to the prejudice of plaintiff and that they were made for the purpose, and accomplished the result, of gaining "an advantage to the person in fault." This is fraud under section 1573 of the Civil Code. As an action based on fraud it comes within the three-year limitation of subdivision 4, section 338, Code of Civil Procedure. Since the complaint was filed within three years of the act complained of, it is not barred by the statute.

3. Respondents attack the validity of the assignment of the agency contract by Reed to his partner Romano; they also attack the validity of the oral consent of Pesquera accepting the assignment and continuing the written contract in full force. From this they argue that since the oral contract covered a period of more than one year, it was within the statute of frauds and so unenforceable. Practically all the authorities are contra. (See 41 Harv.L.Rev. p. 739, n. 12.) ▮ An oral contract is not void on its face because it may continue an obligation for more than one year. The promissor may waive the statute if he sees fit. ▮ An assignment of a partnership interest in an agency contract is not voidable at the will of a third party, such as the defendants herein. There are many factors such as acquiescence, confirmation and estoppel which may arise when these issues come to trial on the merits. In the Speegle case, *supra,* it was held that this type of action would lie in relation to a contract terminable at will. From the allegations in the complaint, it appears that appellant contends that his contract with Pesquera was terminated through the fraud of respondents, not because of the elimination of the partnership nor because some subsequent oral contract to continue the agency might have been terminable at will.

Appellant complains of the order of the trial court denying him leave to amend. A proposed amended complaint was offered with a request for leave to file. This is no great improvement on the pleading upon which the demurrer was argued. But the pleadings should be construed "with a view to substantial justice between the parties," [see *Speegle* v. *Board of Fire Underwriters, supra*, p. 42], and the right to amend should not be lightly denied. If there are material imperfections or uncertainties in the pleading, the plaintiff should be granted leave to amend.

Judgment reversed.

Goodell, J., and Dooling, J., concurred.

A petition for a rehearing was denied January 2, 1948, and respondents' petition for a hearing by the Supreme Court was denied January 29, 1948. Schauer, J., voted for a hearing.