[Civ. No. 18807.   Second Dist., Div. One.   Apr. 9, 1952.]

MORRIS ORLOFF, Appellant, v. HOLLYWOOD TURF CLUB et al., Respondents.

[Civ. No. 18808.   Second Dist., Div. One.   Apr. 9, 1952.]

MORRIS ORLOFF, Appellant, v. LOS ANGELES TURF CLUB, INC. et al., Respondents.

William Katz for Appellant.

Freston & Files, Eugene D. Williams and Victor Ford Collins for Respondents.

THE COURT.—This is just another appeal in that large category of appeals, wholly devoid of merit, which come to this court for decision.

The appellant, as plaintiff below, instituted two actions, one against the Hollywood Turf Club and the other against the Los Angeles Turf Club, Inc., which he submits for decision on consolidated briefs. On January 31, 1946, plaintiff after having purchased a ticket from the Los Angeles Turf Club, Inc., was ejected after his admission from its Santa Anita race track for a cause, not stated by him, but which he avers, by way of conclusion and not ultimate fact, was unlawful and unjustified. Likewise, after purchasing a ticket and being admitted on February 2, 1946, he was again ejected. He avers that on both occasions he was told by the agents of the Los Angeles Turf Club, the owners of the Santa Anita race track, that even though he should thereafter, at any time, purchase a ticket or tender the cost of admission he would not be admitted to the track and, if by chance he should happen to be admitted he would be ejected. As a result of these alleged statements appellant on April 6, 1951, instituted an action against the Los Angeles Turf Club, Inc., as the owner along with its agents to recover damages and penalties predicated upon Civil Code, sections 51, 52, 53 and 54. The action was not based upon the two particular acts of ejectment as narrated (as the statute of limitations had run) but on the theory that he was entitled to damages for his nonadmission

or ejection on each and every racing day the track was open thereafter within three years of the date of the filing of his complaint, even though he had not personally appeared at the track or purchased a ticket or been ejected on any of such days. The basis for this claim of damages and penalties is rested (1) on the statement made by the owners of the racing track, or their agents, that even if plaintiff purchased a ticket he would not be admitted and, if he succeeded in being admitted, that he would be ejected; (2) that the defendants waived any legal obligation of the plaintiff to purchase a ticket and seek admission thereafter because in suits for injunction to restrain the defendants from refusing to admit him to the racing arena the defendants resisted the suits. This then is the sole basis for his alleged cause of action.

The trial court ruled that the amended complaint did not state a cause of action and plaintiff having declined in writing to amend the court entered a judgment against him.

The amended complaint against the Hollywood Turf Club, to which a demurrer was likewise sustained, does not differ in any material particular from that against the Los Angeles Turf Club, Inc., except for the allegation that the plaintiff appeared at the Hollywood Park race track, purchased a ticket, was admitted and ejected on May 24, 1947.

Section 51 of the Civil Code expressly provides, as interpreted by our decisions, that all citizens are entitled to the full and equal accommodations, advantages, privileges and facilities of race tracks subject only to the conditions and limitations established by law, and applicable alike to all citizens, and by section 52, that any such failure or discrimination by reason of color or race or otherwise creates for each and every such offense a liability in damages in an amount not less than one hundred dollars. No question of race or color is involved in the cases before us.

It is at once apparent that under the provisions of sections 51 and 52 of the Civil Code if a charge is made for admission to a race track, equally applicable to all citizens, that a failure or refusal by a citizen to pay such charge does not create a liability under the statute. It is the privilege of an inn, a railroad or a race track to demand, in advance, pay for the accommodation, facility or the privilege to be rendered. Hence, a failure of a person to comply therewith is not a refusal of any equal accommodation, facility or privilege accorded to those who do comply. The statute expressly provides that the equality called for by the statute

is subject "to the conditions and limitations established by law, and applicable alike to all citizens." Among such conditions and limitations applicable to all citizens is that they shall pay the charges imposed, equally and without discrimination, upon all citizens.

Civil Code, sections 53 and 54, expressly provide that a refusal by a racing course to admit a person 21 years of age or over presenting a ticket, or the price thereof, is unlawful unless the person is under the influence of liquor, is guilty of boisterous conduct, or is a person of lewd or immoral character, in which event he may be excluded. If improperly excluded such a person is entitled to "his actual damages, and one hundred dollars in addition thereto."

The amended complaint against the Los Angeles Turf Club, Inc., as has been stated, does not charge that the plaintiff was refused admission or that he was ejected from its race track at any time within three years of the date of its filing. Instead the amended complaint relies and is based merely upon a statement or declaration of its officials or agents made more than three years prior to the filing of the complaint, to the effect that the plaintiff would not be admitted, or if admitted he would be ejected, and that such statement it is averred along with the position taken by defendants in the injunction suits mentioned above made it unnecessary for the plaintiff to present a ticket or offer the price thereof on any racing day thereafter in order to charge the turf club with the offense prohibited by the statutes. We fail to see any basis whatsoever for the contention.

■ There is a *right* of action upon which a *cause* of action can be predicated by a plaintiff only where the defendant has breached an obligation or a duty owed to the plaintiff. ■ In the case before us there was no duty or obligation on the part of the defendant to the plaintiff arising out of a contractual obligation and none arising out of law, unless and until the plaintiff tendered to the defendant a ticket of admission issued by it or its price charged to all persons who alike sought admission to its track. At the time the defendant told the plaintiff he would not in the future be admitted to the track, and if he was inadvertently admitted would be ejected, there was no status or legal relation of any kind or character between the parties which could give rise to a future right or duty on the part of one to the other. The parties in every sense of the word were legal strangers to one another and, hence, without any rights or duties to one another. It follows

that as there was no legal relationship or status between the parties· at the time the defendant made its alleged declaration to the plaintiff, which in no sense embodied an offer for his acceptance, the declaration was not a waiver of any right which the defendant had against plaintiff as, at the moment, it had no legal right against him, and likewise the declaration could not estop the defendant in the future as the plaintiff at the moment was possessed of no right to future action by the defendant. Accordingly, it was necessary for the plaintiff in order to become vested with a legal right against the defendant along with a correlative duty on its part that the plaintiff achieve that result either ·by virtue of a contract or of law.

It was not achieved by contract, as there was none, and it was not achieved by law as the plaintiff did not comply with the conditions precedent set forth in the statute, i. e., presenting to the defendant a ticket issued by it or tendering to the defendant in lieu thereof the price of a ticket. The gratuitous declaration made by the defendant was without any consideration whatever and made to a person to whom the defendant owed no duty either to state it or to withhold it, for the reason that as between them there was no legal relationship or status that would engender either a duty or a right. Surely, it must be regarded as obviously plain that if an authorized agent of the defendant had made the declaration, here attributed to the defendant, to a person not at the track and who had never sought admission thereto, but stated he intended to seek admission, he would not be entitled to recover damages based upon the declaration alone. If that be true, and we think it is, then it seems equally plain to us that such a case cannot be distinguished in the legal principle applied to it from the case of the plaintiff before us.

█ It is of course true, as plaintiff contends, that in certain instances the law rules that a plaintiff is excused from performing a condition imposed upon him by a contract or a statute where the defendant has made it clear that performance by the plaintiff of the condition will not induce the defendant to perform conditions imposed upon him. But this is true only where there is an existing legal right or duty or both by virtue of contract or of law. In the case before us there was no legal right or duty at the time the declaration was made. Hence, the plaintiff was not excused by the mere fact of the declaration from performing the conditions precedent imposed upon him by the statute, nor by the defense by defendants in the injunction suits.

Quite apart from what we have so far said, we observe from the allegations in each of the amended complaints that the plaintiff originally instituted separate actions against the respondents here to restrain each respondent from refusing to admit him to its racing arena, and for other relief. In those actions the plaintiff charged, as he does in the instant actions, his ejectment from the tracks and that such ejectment constituted a continuing wrong thereafter—which he likewise contends in the cases before us. Accordingly, it seems apparent under the rule laid down in *Abbott* v. *'76 Land & Water Co.*, 161 Cal. 42 [118 P. 425], that the damages sought in the instant actions were recoverable in the injunction suits and hence are not recoverable here. However, as the point has not been briefed we do not choose to rest our decision on it. Moreover, it is unnecessary to discuss other and additional reasons urged by respondents for an affirmance.

The judgments are affirmed.

A petition for a rehearing was denied April 25, 1952, and appellant's petition for a hearing by the Supreme Court was denied June 5, 1952.