[Civ. No. 23114.   Second Dist., Div. Two.   Nov. 17, 1958.]

EDWARD  B.  FREED,  Appellant,  v.  MANCHESTER
SERVICE,  INC.  (a  Corporation)  et  al.,  Defendants;
DAVID SHUSETT, Respondent.

Beardsley, Hufstedler & Kemble, Edward B. Freed and Seth M. Hufstedler for Appellant.

Leon Turret for Respondent.

FOX, P. J.—In this action plaintiff seeks to recover damages from defendants for assertedly inducing one Gordon to breach his contract with plaintiff. Defendant Shusett's general demurrer to plaintiff's third amended complaint was sustained without leave to amend.[1] Plaintiff has appealed from the order sustaining said demurrer without leave to amend and from the ensuing judgment of dismissal.

Plaintiff alleged that in July, 1950, the defendant Shusett (through his *alter ego* Manchester Service, Inc.) leased certain auto washrack facilities to Seymour Gordon for a five-year period. There were located on the same premises, but not

---

[1] No other defendant is involved in this appeal.

included in his lease, a service station and an auto paint and body shop. On May 24, 1951, Gordon was evicted from possession of the washrack portion of the premises. Gordon, on that date, retained plaintiff, an attorney, to recover possession, and in the event of such recovery, to advise Gordon as to washrack operations and accounting procedure, plaintiff having had practical experience in such matters. On the next day, plaintiff and Gordon entered into a written ''Contract of Legal Retainer,'' to the effect that if plaintiff was successful in obtaining possession for Gordon, plaintiff would thereafter be entitled to one-half of the property so recovered. Thereafter the contract was orally modified so that Gordon would draw $80 per week before a division of profits. Through plaintiff's efforts, Gordon was restored to possession on or about June 1, 1951. Plaintiff continued to advise Gordon on the business aspects of the operation. Plaintiff further alleged that the operation of the washrack showed a profit during June and July and that Gordon paid plaintiff $100 on account thereof. Shortly thereafter defendants entered into a new lease with Gordon and another person, as copartners, which included the washrack and other facilities on the premises and terminated the prior lease of July, 1950, between Gordon and defendants, thereby extinguishing, so it is alleged, plaintiff's right to receive his share of the profits from Gordon's operation of the washrack.

Plaintiff alleged, although inartfully, that (1) defendants actually knew plaintiff had a contract with Gordon; (2) defendants intended to induce Gordon to breach his contract with plaintiff; (3) Gordon did in fact breach his contract; (4) plaintiff's rights were interfered with wrongfully; (5) the breach of the contract by Gordon was proximately caused by defendants' conduct; and (6) he suffered damages as a result thereof.

It is well settled in California that an action will lie for inducing a breach of contract although the means employed were in themselves lawful, unless there is sufficient justification for such conduct. (*Imperial Ice Co.* v. *Rossier,* 18 Cal.2d 33, 35 [112 P.2d 631]; *Dominguez Estate Co.* v. *Los Angeles Turf Club,* 119 Cal.App.2d 530, 541 [259 P.2d 962]; Rest., Torts, § 766.) Liability also exists for unjustifiable interference with contractual rights despite the fact that the contract is terminable at will. (*Speegle* v. *Board of Fire Underwriters,* 29 Cal.2d 34, 39 [172 P.2d 867]; *Romano* v. *Wilbur Ellis & Co.,* 82 Cal.App.2d 670, 673 [186 P.2d

1012].) Therefore, whether plaintiff's interest in the Gordon lease or his contract with Gordon was coupled with an interest or vested is immaterial and need not be considered. As stated at page 39 in the *Speegle* case, *supra*, "[r]ecognizing that the fact that a contract is 'at the will of the parties, respectively does not make it one at the will of others' [citations]."

■ As this is an appeal from a judgment of dismissal following the sustaining of a general demurrer to plaintiff's complaint without leave to amend, the primary question on appeal is whether or not sufficient facts were alleged to constitute a cause of action. Although no single California case sets forth in detail all the elements which ordinarily must be alleged in order to state a cause of action for inducing a breach of contract, a sufficient number of cases have dealt with the question, either directly or indirectly, so that it is possible to identify the allegations necessary in order for the complaint to withstand a general demurrer. Specifically, plaintiff must allege the existence of a valid contract (*Collins* v. *Vickter Manor, Inc.*, 47 Cal.2d 875, 883 [306 P.2d 783]; 28 Cal.Jur.2d 431; see 84 A.L.R. 1; 2 Witkin, California Procedure, p. 1362); that the defendant had knowledge of the existence of the contract and intended to induce a breach thereof (*Collins* v. *Vickter, supra*, p. 883; *Imperial Ice Co.* v. *Rossier, supra*, p. 37; *Augustine* v. *Trucco*, 124 Cal.App.2d 229, 246 [268 P.2d 780]; *Romano* v. *Wilbur Ellis & Co., supra*, p. 674; see *Roberts* v. *Wachter*, 104 Cal.App.2d 281, 289 [231 P.2d 540]); that the contract was in fact breached resulting in injury to plaintiff (*Collins* v. *Vickter, supra*, p. 883; *Imperial Ice Co.* v. *Rossier, supra*, p. 39; *Remillard-Dandini Co.* v. *Dandini*, 46 Cal.App.2d 678, 679 [116 P.2d 641]), and the breach and resulting injury must have been proximately caused by defendant's unjustified or wrongful conduct. (*Augustine* v. *Trucco*,[2] *supra*, p. 246; 26 A.L.R.2d 1249.)

---

[2] *Augustine* v. *Trucco, supra*, appears to state a requirement that the plaintiff allege that the contract would otherwise have been performed, for at page 246 the court stated: "A plaintiff, seeking to hold one liable for unjustifiably inducing another to break a contract, must allege that the contract would otherwise have been performed, and that it was breached and abandoned by reason of the defendant's wrongful act and that such act was the moving cause thereof. Unless the act complained of was the proximate cause of the injury, there is no liability."

It should be noted, however, that an allegation of injury and proximate cause fully embraces by way of conclusion the substance of an allegation that the contract would otherwise have been performed. If it be concluded that a specific allegation is necessary it could readily have been supplied, had leave to amend been granted.

■ Unless it appears on the face of the complaint that a defendant's conduct was justified, justification is an affirmative defense. (*Collins* v. *Vickter, supra,* p. 883; 26 A.L.R.2d 1263, 1264; see Prosser, Torts, p. 735 (2d ed. 1955).) This proposition is stated in the *Collins* case, *supra,* at page 883, as follows: "Whether or not [defendants] were privileged to cause the corporation to discontinue its relations with plaintiffs, . . . is a matter of defense, to be decided by a resolution of the factual issues presumptively involved. Their right, if any, to such privilege, does not affirmatively appear on the face of the complaint."

In the case at bar, the complaint, as previously stated, did allege that (1) plaintiff had a contract with Gordon, (2) defendants knew of this contract, (3) defendants intended to induce its breach, (4) Gordon did breach the contract, (5) defendants' wrongful conduct was the proximate cause of the breach, and (6) plaintiff suffered damages. The above allegations were sufficient to state a cause of action in light of the California authorities to which reference has already been made unless it can be said that the acts of defendant Shusett were privileged and such fact affirmatively appeared on the face of the complaint. (*Hancock* v. *Burns,* 158 Cal.App.2d 785, 794 [323 P.2d 456].)

The cases establish no precise formula or standard by which a defendant's conduct is to be evaluated in order to determine whether it was justified. The courts and legal writers often speak in terms of a "balancing of interests," (see, e.g., *Masoni* v. *Board of Trade of San Francisco,* 119 Cal.App.2d 738, 742 [260 P.2d 205] ; 41 Harv. L. Rev. 728, 745). ■ The Restatement of Torts, section 767, cited in many California cases (e.g., *Imperial Ice Co.* v. *Rossier, supra,* p. 36; *Hancock* v. *Burns, supra,* 890; *Masoni* v. *Board of Trade of San Francisco, supra,* p. 742), suggests that the following factors are pertinent when the question of justification is in issue:

"(a) the nature of the actor's conduct,

"(b) the nature of the expectancy with which his conduct interferes,

"(c) the relations between the parties,

"(d) the interest sought to be advanced by the actor, and

"(e) the social interests in protecting the expectancy on the one hand and the actor's freedom of action on the other hand." ■ The rationale behind the defense of justification is stated as follows in 41 Harvard Law Review 728, 745: "Whether a privilege of invasion exists depends upon whether

it is of greater moment to society to protect the defendant in the invading activities than it is to protect and guard the plaintiff's interest from such invasion.''

In the present case, it cannot be said that the complaint itself affirmatively showed the existence of justification. [7a] It is true that defendants had a vital interest in the use and economic return of the property in question and, absent unusual circumstances, clearly could lease it under any lawful conditions agreeable to the lessee. However, unusual circumstances were alleged to exist in the instant case in that the defendant Shusett, despite his knowledge of plaintiff's interests, intentionally sought to and did in fact interfere with those interests. The present case is closely analogous to a situation where a defendant, to sell his own property, intentionally induces a third party to breach his contract with the plaintiff. ▆ Competition and economic gain may lay a foundation for justification but do not in and of themselves dictate a conclusion that the defendant was privileged. In the *Imperial Ice* case, *supra*, the court commented, at page 36, as follows: ''It is well established, however, that a person is not justified in inducing a breach of contract simply because he is in competition with one of the parties to the contract and seeks to further his own economic advantage at the expense of the other.'' (*Roberts* v. *Wachter*, *supra*, p. 290.) ▆ No reason appears for not applying the foregoing principle to the present case; considered in this context, defendant's right to lease his property is no greater than a vendor's right to sell his wares. In either situation, a property owner may be restricted in his dealings with his own property when the contractual rights of others are intentionally invaded.

In support of the judgment of dismissal, defendant cites *O'Leary* v. *Herbert*, 5 Cal.2d 416 [55 P.2d 834], *Orloff* v. *Hollywood Turf Club*, 110 Cal.App.2d 340 [242 P.2d 660], and *Augustine* v. *Trucco*, *supra*, to the effect that ''no cause of action arises from the doing of a lawful act or the exercise of a legal right in a lawful manner. Any resulting damages to plaintiff is damnum absque injuria.'' The defendant quotes the following from the *Augustine* case, *supra*, at pages 245 and 246: ''There is no liability for inducing a breach of contract where the breach is caused by the exercise of an absolute right—that is, an act which a person has a definite right to do without qualification (citations).''

Neither the O'Leary nor the Orloff case has application

here since neither involved an action for assertedly inducing the breach of a contract. The quotation from the Augustine case likewise has no application, since, as we have pointed out, it does not appear from the allegations of the complaint that defendant was in fact exercising an absolute right.

It is altogether possible that upon the trial of this matter defendant may be able to show that he was justified in executing the new lease to Gordon despite the fact that plaintiff may have been injured thereby. On this appeal, we are only called upon to decide whether plaintiff stated a cause of action and whether it appeared on the face of the complaint that defendant's conduct was privileged.

The attempted appeal from the order sustaining demurrer without leave to amend is dismissed; the judgment is reversed.

Ashburn, J., and Herndon, J., concurred.