[Civ. No. 39747. Second Dist., Div. Two. Jan. 22, 1973.]

RUSSELL W. BLEDSOE, Plaintiff and Appellant, v.
GLENN R. WATSON et al., Defendants and Respondents.

## COUNSEL

Russell W. Bledsoe, in pro. per., for Plaintiff and Appellant.

Richards, Watson & Dreyfuss and John Clark Brown, Jr., for Defendants and Respondents.

## OPINION

**FLEMING, J.**—Russell Bledsoe, an attorney, filed an action seeking compensatory damages of $3,700 and exemplary damages of $10,000 for "wrongful interference with contractual relations." According to his complaint, he entered a written contract for legal services with the City of Seal Beach to investigate irregularities in certain recall petitions and represent the city and individual members of the city council in a mandate proceeding brought by others to compel the city to hold an election to recall members of the city council. ▮▮▮ The complaint charged that defendant Watson, acting as attorney for the other defendants, in writing maliciously persuaded the city treasurer by fraudulent represen-

tations of law to repudiate the contract and refuse to disburse city funds to Bledsoe. The trial court sustained defendants' general demurrer to the complaint and dismissed the action.[1] Bledsoe appeals.

■ Bledsoe's complaint sought to plead a cause of action for damages for inducing breach of contract. The principal elements of such an action are the existence of a valid contract, defendant's intent to induce a breach of the contract, and a breach resulting from defendant's unjustifiable or wrongful conduct. (*Freed* v. *Manchester Service, Inc.,* 165 Cal.App.2d 186, 189-190 [331 P.2d 689].) This last element is the critical one here, for the issue on appeal is whether the complaint on its face showed justification for inducing a breach of contract.

■ As a general rule interference with contractual relations is justifiable when a person seeks to protect an interest of greater social value than that attached to the stability of the contract involved. (*Imperial Ice Co.* v. *Rossier,* 18 Cal.2d 33, 35 [112 P.2d 631].) Restatement, Torts, section 767, suggests that in determining justification a court must balance the social interest in the protection of the expectancy (contract) against the social interest in the preservation of the actor's freedom of action (interference with another's contract).

In the present cause we have little difficulty in determining on which ≥ lies the preponderance of social interest between contract and inter-⌐rence with contract. ■ California's public policy, made explicit by statute, encourages its citizens to challenge asserted illegal expenditures of public funds. Code of Civil Procedure, section 526a, provides: "An action to obtain a judgment, restraining and preventing any illegal expenditure of, . . . funds, . . . of a county, . . . or city . . . may be maintained against any officer thereof, . . . either by a citizen resident therein, or by a corporation, who . . . has paid, a tax therein."[2] ■ Quite obvi-

---

[1] In sustaining the demurrer the trial court granted leave to amend only if another pending action should be terminated in favor of Bledsoe's clients. That other action was decided adversely to Bledsoe's clients, and thereafter the present action was dismissed. Both sides agree that the trial court's ruling was equivalent to the sustention of a demurrer without leave to amend. In such circumstances the subsequent dismissal of the action did not require any further motion and hearing, for after a demurrer has been sustained without leave to amend or after the time to amend has expired, a motion is not needed to secure a judgment of dismissal. (*Berri* v. *Superior Court,* 43 Cal.2d 856, 860 [279 P.2d 8].)

[2] Since Bledsoe's pleading contained no allegation to the contrary and since his briefs conceded defendants' standing to challenge an illegal expenditure of public funds, we infer that defendants other than Watson were citizen-resident taxpayers of Seal Beach. Watson, as alleged by Bledsoe, was acting as attorney on behalf of the other defendants and therefore enjoyed the benefit of whatever standing they possessed under section 526a.

ously, the purpose of this section is to enable a citizen-resident taxpayer to question public expenditures of local governments that might otherwise pass unchallenged. (*Blair* v. *Pitchess*, 5 Cal.3d 258, 267-268 [96 Cal.Rptr. 42, 486 P.2d 1242].) ■ Since defendants were specifically authorized to initiate a lawsuit to prevent an alleged illegal expenditure of funds by the city treasurer, their less drastic act in writing the treasurer to persuade him not to make an illegal expenditure of funds was likewise justified for the social interest attached to both acts is identical. In our opinion section 526a provides a complete defense to the action on the face of the complaint.

■ Even if our view is incorrect and section 526a only authorizes a challenge to an illegal expenditure of public funds by means of a lawsuit, nevertheless, defendants' conduct in communicating with a public officer to prevent an asserted illegal expenditure of public funds is also justifiable under the general right of a citizen to protest a public expenditure by petition and instruction. (Cal. Const., art. I, § 10; U.S. Const., Amends. I and XIV.) The citizen-resident taxpayer who prevents an illegal expenditure of public funds not only safeguards his private interest in the amount of taxes he pays but upholds the general public interest in the fiscal integrity of his local government. Correspondence with the public officer responsible for the disbursement of the funds under question appears to us an appropriate means of petition and instruction. In our view protection of the means appropriate to prevent an illegal expenditure of public funds and to achieve fiscal integrity in local government carries a greater social value than protection from challenge of plaintiff's employment contract with the city and its council members. In point is the New Jersey case of *Middlesex Concrete, etc.* v. *Carteret Industrial Ass'n.* (1962) 37 N.J. 507 [181 A.2d 774]. Defendants, taxpayers in the municipality of Carteret, wrote a letter to Carteret public officials decrying a proposed settlement of contract claims between Carteret and plaintiff Middlesex Concrete and suggesting that the officials themselves might become personally liable on their approval of the settlement. As a consequence of the letter the proposed settlement was disapproved, and Middlesex Concrete sued defendants for interference with contractual relations. The court concluded that defendants' action was justified. "Examination of the circumstances here involved reveals that the public interest was clearly advanced by the conduct of the defendants. . . . The facts upon which defendants bottomed these objections, as revealed upon the motion, might be said to have given rise to a duty as well as a right to make known to the municipal officials their objections to any settlement of claims, not only for their own benefit but also for the benefit and protection of other citizens and taxpayers in the community. Accordingly, defendants had and properly exercised a

privilege to interfere with the prospective settlement between Middlesex and Carteret." (181 A.2d at p. 781.)

Justification in inducing breach of contract is closely analogous to privilege in defamation. Under Civil Code section 47 a publication is privileged if made in any official proceeding authorized by law. In *King* v. *Borges*, 28 Cal.App.3d 27 [104 Cal.Rptr. 414], defendant wrote the California Real Estate Commissioner accusing plaintiff-real estate broker of withholding funds that did not belong to him. The court found the writing to be a privileged communication protected against plaintiff's claim of libel. "[A] communication to an official administrative agency, which communication is designed to prompt action by that agency, is as much a part of the 'official proceeding' as a communication made after the proceedings have commenced. It seems obvious that in order for the commissioner to be effective there must be an open channel of communication by which citizens can call his attention to suspected wrongdoing. That channel would quickly close if its use subjected the user to a risk of liability for libel." (28 Cal.App.3d at p. 34.) Similarly, here, the tort of inducing breach of contract cannot be used to dam up the open channel of communication through which citizens may express their grievances to public officials and challenge questioned expenditures of public funds. At bench the balance in favor of the public interest is unusually strong for the operation of the electoral process itself was involved. The sequence of events is enlightening: (1) Recall election petitions were filed. (2) Bledsoe was retained by affected councilmen of the City of Seal Beach to contest the validity of the recall petitions. (3) Watson was then retained by the recall's proponents to forestall the activities of Bledsoe. (4) Bledsoe thereupon filed the present suit to forestall the activities of Watson. It would cripple the usefulness of the recall process to allow collateral actions to hinder the conduct of recall elections and subject them to the lengthy delays that have marked the course of this and related proceedings. ▮ Clearly, the benefit to the public interest in allowing free challenges to public expenditures that may circumvent the electoral process outweighs any detriment that may result to private contracting parties from such challenges.

Nor do Bledsoe's allegations of malice and fraudulent representations of law defeat defendants' justification. "The presence or absence of ill-will, sometimes referred to as 'malice,' is immaterial, except as it indicates whether or not an interest is actually being protected." (*Imperial Ice Co.* v. *Rossier*, 18 Cal.2d 33, 36 [112 P.2d 631].) ▮ And, absent special circumstances, misrepresentations of law do not amount to actionable fraud. (*People* v. *Supervisors of S.F.*, 27 Cal. 655, 676.) ▮ Because the public interest was involved, defendants' personal malice, if it existed, and

defendants' misrepresentations of law, if they occurred, did not destroy the justification for their challenge to the expenditure of public funds.[3]

In sum, we find justification on the face of the complaint for defendants' interference with plaintiff's contractual relations. When it is apparent from the nature of the defects in the complaint that plaintiff cannot state a cause of action, a general demurrer may be sustained without leave to amend. (*Galanis* v. *Mercury Internat. Ins. Underwriters,* 247 Cal.App.2d 690 [55 Cal.Rptr. 890].)

The judgment of dismissal is affirmed.

Roth, P. J., and Herndon, J., concurred.

---

[3]We take judicial notice that in a related action the Superior Court of Orange County determined that the contract between the city and Bledsoe was invalid. If Bledsoe has performed services for which he has not been paid his recourse does not lie against those who opposed the making of an invalid contract but against those who enjoyed the benefit of his services.